GORDON et al. v. STATE et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 23, 1912. Rehearing Denied Dec. 12, 1912.)

1. APPEAL AND ERROR (§ 719*)—FUNDAMENTAL ERROR—AMENDMENTS TO PLEADINGS.

The error in allowing an amendment to a pleading is not error apparent of record, which must be considered without assignment of error, where the amendment is only made to appear by motion to correct the record and proceedings thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

2. APPEAL AND ERROR (§ 773*)—FAILURE TO FILE APPELLANT'S BRIEF.

The court may dismiss an appeal for want of prosecution without looking into the record, where appellant's brief is not filed in time, and there is no agreement waiving the statutory requirement as to filing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

3. TAXATION (§ 595*)—RECOVERY OF TAXES—LIABILITY OF VENDOR—JUDGMENT OVER.

Where a defendant in an action for delinquent taxes prayed that its vendors should be made parties, and that, if plaintiff should recover taxes, penalties, and costs or any part thereof, the defendant should recover judgment over against the vendors for such amount under their warranty, judgment could be rendered against the vendors for taxes, penalties, and costs.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1218; Dec. Dig. § 595.*]

Error from District Court, Sabine County; W. B. Powell, Judge.

Action by the State of Texas against the Angelina County Lumber Company, and it made W. D. Gordon and another parties. From a judgment for plaintiff against defendant, and in its favor against W. D. Gordon and another, the latter bring error. Affirmed.

W. D. Gordon and Thos. J. Baten, both of Beaumont, for plaintiffs in error. Mantooth & Collins, of Lufkin, for defendants in error.

REESE, J. The state of Texas brought suit in the district court of Sabine county against the Angelina County Lumber Company to recover state and county taxes delinquent for many years on a certain tract of land in Sabine county then owned by the Lumber Company, and to establish and foreclose the tax lien. The taxes and penalties amounted to $444.13, which, with the interest due thereon, was sued for. The entire amount due, including interest to the date of trial and charges allowed by law, was $789.-54, for which amount judgment was rendered. The defendant filed its answer, alleging that it had bought the land from W. D. Gordon and E. A. Perry, paying therefor the sum of $11,025 and that its said vendors had conveyed the land to it with convenants of general warranty. It was prayed "that the said Gordon and Perry be made parties, that service be had upon them, and that, in case the plaintiff should recover against this defendant for the said taxes, penalties, and costs, or any part thereof, this defendant the Angelina County Lumber Company recover judgment over against said W. D. Gordon and E. A. Perry for such amount as may be recovered against it by plaintiff herein, for all costs of suit, and for such other and further relief, general and special, as your defendant may be entitled to." Copies of this answer and of plaintiff's petition were served upon the said Gordon and Perry, who appeared and answered by general demurrer and general denial. Judgment was rendered in favor of the state against the Angelina County Lumber Company for taxes, interest, penalties, and costs, amounting to $789.54, with foreclosure of tax lien. Judgment was also rendered in favor of the lumber company against Gordon and Mrs. Perry for the same amount. There is no statement of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

facts, conclusions of fact and law, nor bills of exceptions in the record. The court filed conclusions of fact and law upon hearing the motion of Gordon and Mrs. Perry to correct the record as hereinafter set out.

Before the judgment was rendered, counsel for all of the parties except Gordon appeared, and agreed that the cross-petition of the Lumber Company might be amended by interlining after the figures $444.13, where they occurred in the cross-petition against Gordon and Mrs. Perry, the words "with interest and penalty." The court supposed that these attorneys also represented Gordon, but upon the hearing of his motion to correct the record by erasing these words found as a fact that the interlineation was made without Gordon's knowledge or consent, and was, as to him, improper. The court further found, however, that this amendment by interlineation of the words referred to was immaterial, and refused to disturb the judgment.

[1] Prior to the submission of the case, on motion of appellee, the briefs filed for appellants Gordon and Perry were stricken out. The case was set for submission on the 14th of November, and the briefs were not filed until November 9th. There was no agreement waiving any of the requirements of the statute with regard to filing of briefs. Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462. Nothwithstanding the absence of briefs, appellant in oral argument contends that the action of the court in allowing the amendment of the cross-petition referred to, particularly as to appellant Gordon, was fundamental error apparent on the face of the record which this court is required to consider without briefs. This amendment is only made to appear by the motion to correct the record and the proceedings thereon. Of course, this pleading as it is copied in the record does not in any way inform us that any amendment was made. It is only by examination of the motion to correct and the court's conclusion thereon that the error can be discovered, if in fact there was any error. If the proceedings in question in fact constituted error, certainly it is not such error apparent of record as we are required to consider without assignment. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. We are not certain that we are required to notice even fundamental error, if the judgment was such as the court was empowered to render, in the absence of briefs for appellants, in view of rule 34 (142 S. W. xiii).

[2] We might properly have dismissed the appeal for lack of prosecution without looking into the record at all. We will say, however, that an examination of the record shows that in fact no error apparent upon the record, or otherwise, was committed in the matter complained of.

[3] Appellants complain that without this amendment of the cross-petition judgment could not be rendered against them for more than the taxes without penalty or interest. We have examined this pleading carefully, and our conclusion is that the allegations are sufficient, without the insertion of the words referred to by way of amendment, to authorize the judgment, especially under the prayer for general relief in addition to the prayer for specific relief.

We conclude that, first, there is no error; and, second, that, if there is, it is not such fundamental error apparent on the face of the record as would authorize a reversal of the judgment in the absence of briefs for appellants.

The appeal is without merit. No question is made as to the liability of appellants for the full amount of the judgment. They presented no defense to the action, and do not pretend that they have any.

The judgment is affirmed.

Affirmed.