BROWN et al. v. WM. CAMERON & CO. et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 11, 1914.)

1. APPEAL AND ERROR (§ 771*)—BRIEFS— DELAY IN FILING—EXCUSES.

In trespass to try title against C. & Co., who impleaded the T. Co. on its warranty of title, where the parties stipulated, in writing, that on an appeal by plaintiffs they might file their briefs within a specified time, a verbal agreement by one of the attorneys for the T. Co., extending the time was not a sufficient excuse for plaintiffs' failure to file their briefs within the time specified in the written agreement, or within a reasonable time before the submission of the case, since the verbal agreement, even if binding on the T. Co., was not binding on C. & Co., and it could avail plaintiffs nothing to have their appeal heard against the T. Co., who was only a party to the appeal, because of its interest in the adjudication of the issue between plaintiffs and C. & Co.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. § 771.*]

2. APPEAL AND ERROR (§ 773*)—BRIEFS—DELAY IN FILING—DISMISSAL OF APPEAL.

Where, on an appeal set for submission on December 18th, the parties on June 5th stipulated that appellants' briefs might be filed within 90 days from that date, and that appellees should then have 90 days within which to file their briefs, and appellants did not file their briefs until December 8th, the appeal would be dismissed, as appellees were entitled to have the cause submitted in its regular order, and to at least 20 days after the notice of the filing of appellants' brief to prepare and file their briefs, and one of such rights would be denied by overruling the motion to dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by Nancy Brown and others against William Cameron & Co. and another. From the judgment, plaintiffs appeal. On motion by each defendant to strike out plaintiffs' briefs and dismiss the appeal. Motion sustained.

C. N. Smith, of Cleveland, Marshall & Marshall, of Liberty, and Crow & Phillips, of Groveton, for appellants.

PLEASANTS, C. J. [1, 2] The judgment from which this appeal is prosecuted was rendered on February 1, 1913; the appeal was perfected on the 6th day of March, 1913; and the record was filed in this court on June 7, 1913. The cause was set for submission in this court on December 18, 1913. Appellants' briefs were filed herein on December 8, 1913.

On December 17, 1913, appellees filed motions to strike out appellants' briefs and dismiss the appeal because the briefs were not filed in the time required by law. In these motions, which were separately made by the attorneys for appellee Wm. Cameron & Co. and the attorneys for appellee Trinity Lumber Company, it is alleged under oath that appellees had made no agreement for

extending the time of filing briefs other than the following written agreement:

"In the Court of Civil Appeals, First Supreme Judicial District of Texas, at Galveston.

"Nancy Brown et al., Appellants, v. Wm. Cameron & Co. et al., Appellees.

"In the above-entitled and numbered cause, tried at the January term of the district court of Trinity county, and now pending on appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, come now appellants and appellees by their counsel respectively and agree that the time of issuance and filing of transcript, statement of facts, and briefs of appellant in the trial and appellate courts be waived, and that appellant may now file the transcript and statement of facts in the appellate court, and may within 90 days from date hereof file copies of his brief in the appellate court, and that delivery of a copy thereof to counsel for appellees shall be sufficient notice and service thereof, and that appellees shall have thereafter the additional time of 90 days within which to file their brief for appellees, and that delivery of a copy of the same to counsel for appellants shall be sufficient notice and service of the same.

"Witness our hands at Groveton, Texas, this the 5th day of June, A. D. 1913."

It was further alleged that counsel for appellees cannot, in the time intervening between the filing of appellants' briefs and the submission of the cause on December 18, 1913, prepare and file briefs for appellees.

In a sworn answer to these motions N. H. Phillips, counsel for appellees, says that, subsequent to the execution of the written agreement, R. O. Kenley, senior member of the firm of Kenley & Minton, and leading counsel for appellees, made an oral agreement with appellants' counsel extending the time of filing briefs in this case and in two other cases pending in the court, in both of which said Kenley & Minton were opposing counsel to counsel for appellants in this case, which agreement was in substance as follows: "Each party appellant to prepare his brief as early as practicable and submit same to the opposite party, who should sign an agreement to permit copies of the same to be filed in the appellate court, and that, should either party or any party appellee be pressed for time in which to prepare his reply, appellant should join in a request to the appellate court to grant such relief as the court in its discretion for the cause shown might deem proper, such as postponing submission, or allowing appellee to file brief after the day of submission; that affiant and the firm of which he is a member have carried out their part of all of said agreements, as will more fully appear from the records of the appellate court."

A copy of appellants' brief was delivered to counsel for appellees on December 6, 1913.

It is shown that the firm of Kenley & Minton was dissolved on October 1, 1913, and R. O. Kenley left this state to seek a home elsewhere, and his address was unknown to all of the counsel in this case at the time these motions were filed. This suit, which is an action of trespass to try title, was brought by appellants against appellee Wm. Cameron & Co. Appellee Trinity Lumber Company was impleaded by the defendant on its warranty of title. The firm of Kenley & Minton represented the Trinity Lumber Company, and the Wm. Cameron Company was represented by the firms of Sleeper, Boynton & Kendal and Nelms & Platt.

It is not claimed that the attorneys for Wm. Cameron & Co. made any agreement with appellants' attorneys other than the written agreement before set out, and R. O. Kenley, with whom the verbal agreement was made, had no authority to represent Wm. Cameron & Co. in making said agreement. It is also shown that, prior to the date of the filing of appellants' briefs, counsel for appellants was notified by Minton that he would not respect the oral agreement claimed to have been made by his former partner, R. O. Kenley, in regard to the filing of briefs in this case. These facts do not show sufficient excuse for the failure of appellants' counsel to file his briefs within the time specified in the written agreement before set out, or within a reasonable time before the submission of the case. Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462; Krisch v. Richter, 125 S. W. 935; Ry. Co. v. Martin, 132 S. W. 834.

The verbal agreement with R. O. Kenley, if it could be held binding upon him and his client, the Trinity Lumber Company, could not affect the rights of the Wm. Cameron Company because Kenley was not its attorney, and it could avail appellants nothing to have only their appeal against the Trinity Lumber Company heard. Their suit for the land was against the Wm. Cameron Company alone, and the judgment of the court below awarded the land to that company. The Trinity Lumber Company was only sued on its warranty by its coappellee and is only a party to this appeal because of its interest in the adjudication of the issues between appellants and the Wm. Cameron Company.

As said by Mr. Justice Reese, speaking for this court in the case of Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462: The statutes in regard to the time of filing briefs and the submission of cases in appellate courts gives to an appellee two substantial rights: (1) To have the cause submitted in its regular order; and (2) to be allowed 20 days after notice of the filing of appellants' brief to prepare and file his briefs. "To overrule his motion to dismiss in the present case will inevitably require him to yield one

of these substantial rights. We will have either to postpone the submission or hear and determine the cause without a brief for appellee. Certainly appellee could not have been expected to prepare and file briefs in this court in the limited time from November 16th, when he first received a copy of appellant's briefs filed in this court, and the 21st of November, the day set for submission. We do not think the allegations of appellant's answer to the motion present good cause for the postponement of the submission, thus impairing the substantial right of appellee to have the cause submitted in its regular order. Appellant's excuse for failure to file briefs as required cannot be considered sufficient to authorize such action." This language is as applicable to the facts of the instant case as to those of the case in which it was used.

The motion to dismiss must be sustained, and it has been so ordered.