GOODHUE v. LECKIE et al. (No. 6848.)

(Court of Civil Appeals of Texas. Galveston. April 20, 1915. Rehearing Denied May 13, 1915.)

APPEAL AND ERROR ☞771 — FILING OF BRIEFS—TIME TO FILE.

Failure of appellant to file briefs within the time prescribed by Rev. St. 1911, art. 2115, thereby depriving appellee of the right to file a brief within 20 days after notice and of the right conferred by articles 1613, 1616, to have the cause set for submission in the order in which docketed, is not excused on a showing that nothing was done towards the preparation of the briefs after the filing of the record in the court on appeal on August 28th, until January following, while the cause was regularly set for submission April 8th, and where in December appellee refused to consent to a postponement of submission, though, because of transfers of other cases on the docket to other courts, the day of submission was hastened.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. ☞771.]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action between Josephine Leckie and another and James Wells Goodhue. From the judgment, Goodhue appeals. Dismissed.

Blain & Howth and R. L. Durham, all of Beaumont (Maco Stewart, of Galveston, on motion for rehearing only), for appellant. Greer, Nall & Bowers and F. J. & C. T. Duff, all of Beaumont, and Ed Haltom, of San Antonio, for appellees.

McMEANS, J. Appellees have filed a motion to dismiss this appeal on account of the failure of appellant to file briefs as required by law. The transcript was filed in this court on August 28, 1914. This cause was regularly set for submission in this court on April 8, 1915, and the appellant notified thereof on March 27, 1915, 11 days before the day set for the submission. A copy of his brief was not filed in the court below until March 31, 1915, nor were copies filed in this court until April 1, 1915, 8 and 7 days, respectively, before the date of submission, and counsel for appellees did not receive a copy thereof until March 29, 1915. The brief consists of 109 printed pages, and presents 27 assignments of error and numerous propositions, and cites perhaps 100 cases as authority. In her motion appellee sets out the facts with regard to the failure to file briefs, and alleges that on account of other business her counsel will not have sufficient time to prepare and file briefs in this cause on or before the day set for submission. The only excuse offered by appellant's counsel for failure to file briefs as required by law are these: (1) That an January 27, 1915, 108 cases pending on appeal to this court, and which were prior to this in point of time of filing, were transferred to other Courts of Civil Appeals, and that the transferring of said cases occasioned the setting of this case for submission about 2 months earlier than

it would otherwise have been set; (2) that the law firm of Blain & Howth, which tried the case for the appellant, was dissolved on September 8, 1914, and after the dissolution the members of the old firm undertook to divide the labor incident to the business remaining on hand, and to that end Mr. Blain agreed to brief this case. Mr. Blain tried to get an agreement from the attorneys for appellees to postpone the submission of this case until after the determination by the Supreme Court of a case there pending involving some of the same issues presented on this appeal, but was unsuccessful. Some time after the Christmas holidays Mr. Howth, of the former firm, asked Mr. Blain if he had succeeded in getting an agreement for postponement from the attorneys of appellees, and was informed that he had not. Mr. Howth then undertook to assist Mr. Blain in the preparation of the brief, and during the month of January and a part of February the brief was partly prepared, and on February 8th a good part of the brief was put in the hands of the printer, and all of it prepared and delivered to the printer in time to have gotten it out by the latter part of February or first part of March, 1915; but after the printer had much of it in type delays were suffered on account of other pressing business in the printing office, so that the brief was not finally printed and ready for filing in the court below until the 29th day of March, 1915. It was shown by appellees' motion to dismiss the appeal that Mr. Blain, on December 10, 1914, did request appellees' counsel to agree to a postponement of submission, but that the latter, by a letter dated December 14, 1914, informed him that they would not make the agreement.

By article 2115, Revised Statutes 1911, appellant was required to file with the clerk of the district court a copy of his brief 5 days before the time of filing of the transcript in this court. It is the duty of the district clerk forthwith to give notice of such filing to the appellee or his attorney of record, who is then required, in 20 days after such notice, to file a copy of his brief with the clerk of the court below, and with the clerk of the Court of Civil Appeals four copies. The law provides that causes in this court shall be docketed in the order of their filing, and that they shall be set for submission, in the order in which they are docketed, "unless continued to some future time for good cause shown." Articles 1613, 1616, Revised Statutes 1911.

"Under these provisions of the statute the appellee," as said by this court in Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 463, "has two substantial rights: (1) To have the cause submitted in its regular order; and (2) to be allowed 20 days after notice of the filing of appellant's brief with the district clerk within which to prepare and file his own brief. * * * To overrule his motion to dismiss in the present case will inevitably require him to yield one of these substantial rights. We will have either to postpone the submission or hear and determine the case without a brief for appellee."

It could hardly be expected that appellees would be able to prepare their brief, in answer to the extended brief of appellant, in the limited time from March 29th, when they received a copy of appellant's brief, and April 8th, the day the case was set for submission; and in recognition of this fact the appellant himself, by a motion filed in this court on April 5th, urged a postponement of submission to some future day of the term or to some future term of this court in order that the appellees might have ample time in which to file their briefs. The excuse offered by appellant for failure to file his briefs as required cannot be considered sufficient to authorize such action. While he showed commendable energy of his counsel after they began the preparation of the briefs, no reason is shown why the long interval between the filing of the record, in this court on August 28, 1914, to January 1915, when they began the preparation, was not utilized for this purpose. That the transfer of cases from this court to others hastened the day of submission is true, and has been true as to other cases remaining on the docket of this court when previous transfers were made, and appellant's attorneys were bound to know that such a result would be inevitable. They also knew on December 14, 1914, when the attorneys for appellees refused to agree to a postponement of submission, that a submission would be insisted on by the appellees when the case was reached in regular order. "It has been the rule in this court to refuse to dismiss for failure on the part of appellant to file briefs in strict compliance with the rules, where a relaxation of the rules would not delay a submission of the case, and there was ample time after the filing to allow appellee to prepare and file briefs before submission." This is not such a case. The case of Niday v. Cochran, above referred to, and the authorities there collated, will show that our action in dismissing this appeal is in entire harmony with the ruling of this and other Courts of Civil Appeals and sanctioned by the Supreme Court, as shown by refusal of writs of error in some of the cases referred to.

The motion to dismiss the appeal must be sustained.