**WEST LOUISIANA BANK v. TERRY et al.
(No. 664.)**

(Court of Civil Appeals of Texas. Beaumont.
March 8, 1921.)

**Appeal and error ⬥771—That leading counsel
was from another state no excuse for failure
to file briefs in time.**

In view of Rev. St. arts. 1613, 1616, where
record on appeal was filed in the Court of Civil
Appeals December 6th, and on December 8th the
cause was set for submission on February 24th
following, of which appellant's counsel were
duly notified on December 10th, but appellant
left no brief at appellee's attorney's office until
after office hours on February 19th, *held*, the
appeal would be dismissed for failure to file
briefs in time required by article 2115 and the
rules of the Court of Civil Appeals, although
appellant's leading counsel, being from another
state, did not know of the requirement of the
rules as to briefs.

Appeal from District Court, Liberty County; J. L. Maury, Judge.

Action between the West Louisiana Bank
and E. O. Terry and others. From judgment for the latter, the Bank appeals. Appeal dismissed.

Foster & Woosley, of Leesville, La., for
appellant.

Smith, King & Hart, of Beaumont, for appellees.

HIGHTOWER, C. J. Motion has been
made by the appellees in this case to strike
out appellant's brief and dismiss this appeal,
based on the ground that appellant failed to
file briefs in this cause as required by article
2115 of the Revised Statutes of this state
and the rules governing this court.

As a matter of fact, as pointed out by the
motion, appellant did not file with the clerk
of the district court a copy of its brief in
this case, as required by the article above
mentioned, nor was there any agreement between the parties, in so far as this record
discloses, waiving this requirement.

The record in this cause was filed in this
court on December 6, 1920, and on the 8th
day of December, two days later, this court
made an order setting this cause for submission on February 24, 1921, and on the
10th day of December, 1920, counsel for appellant were duly notified by the clerk of this
court of such setting. It is shown by the
motion to dismiss that appellant did not file
a brief in this court until Saturday afternoon of February 19, 1921. After office hours
on the same afternoon one of the attorneys
for appellant went to the office of the attorney
for the appellees in the city of Beaumont
for the purpose of handing to appellees' attorney a copy of appellant's brief, but found
appellees' attorney's office closed, and had

the janitor of the building to open the office
door, and appellant's attorney left a copy
of his brief on the desk of appellees' attorney, and thereupon, by phone, notified appellees' attorney's wife in the city of Beaumont
that he had left a copy of the brief on the
desk, and requested the wife to notify appellees' attorney.

On February 23, 1921, being the day before
this cause was regularly set for submission,
appellees' counsel filed the motion to dismiss,
and on the following day the motion was
submitted.

It is shown in the motion, which is duly
verified, that appellees' attorney had not had
sufficient time to prepare and file in this
cause a brief for appellees since the filing
of his brief by counsel for appellant, and
that on account of other professional matter
demanding his attention appellees' counsel
would not have time to prepare and file such
brief. It will be seen from the statement
thus far that counsel for appellees had but
three days after appellant's brief was filed in
which to prepare and file a brief for appellees in reply thereto, even if counsel for appellees could have, consistently with other duties, given his entire attention to such brief.
And therefore, because of a lack of sufficient
time in which to prepare and file a brief
for the appellees, their counsel filed none,
but stood upon his motion to dismiss. Thereupon counsel for appellant, in a reply to the
motion to dismiss, and after stating the reasons why the brief for appellant had not
been sooner filed, suggested that the submission of the cause might be postponed, and
requested the court to postpone the submission and allow sufficient time to counsel for
appellees in which to prepare and file a
brief, but this suggestion and request was
not concurred in by counsel for appellees,
who insisted that the motion to dismiss be
sustained.

The main reason, or claimed reason, stated
in appellant's written reply to the motion to
dismiss for not filing his brief, as required
by article 2115, above mentioned, and the
rules of this court, was that appellant's
leading counsel in the case, Mr. S. I. Foster,
did not know, prior to February 8, 1921,
that there were any rules pertaining to the
briefing of causes in the Courts of Civil Appeals of Texas, but assumed that his brief
for appellant would be filed in time if filed
on the day the cause was to be submitted,
counsel for appellant showing in that connection that he was a resident of the state of
Louisiana, and a practitioner in the courts
of that state, and that it was the rule in
Louisiana that causes on appeal were briefed
in time by the appellant if the brief was
filed on the day of submission, and he just
assumed that the rule was the same in
Texas, and had made no investigation or

inquiry, prior to the 8th day of February, whether there were any different rules in Texas. Counsel also shows, by his reply to the motion, that on said 8th day of February he was informed by Hon. J. Llewellyn, of Liberty, Tex., who had acted as associate counsel in the trial court there, that there were rules pertaining to the briefing of causes in the Courts of Civil Appeals of Texas, and Mr. Foster's attention was specifically called to these rules by Hon. J. Llewellyn. While Judge Llewellyn was employed as associate counsel for appellant in the trial court, it was specifically understood and agreed that he was not to have anything to do with the preparation of the brief on appeal, and that his services pertained only to the conduct of the case in the trial court.

Mr. Foster, counsel for appellant, in his reply to the motion to dismiss, then shows that, when he received this information from Judge Llewellyn, he was about the same time notified that the West Louisiana Bank, who is the appellant in this case, also had a case of importance which was to be called for trial in another court, and that counsel could not well afford to neglect the trial of said cause, but felt compelled to proceed and give his attention to that case, and that after doing so he prepared and filed the brief in this cause as soon as he could, which, as we have shown, was on Saturday afternoon, February 19th, when the cause was to be submitted on the 24th following.

The motion to dismiss further shows that the record in this cause, as soon as filed by appellant in this court, was withdrawn by counsel for appellant, and was kept by him and not returned to this court until the 13th of January, 1921. No reason whatever is suggested by counsel for appellant as to why a brief for the appellant in this cause was not prepared some time during the period that the record was being withheld by him, and before its return to this court, except, of course, as we infer, the lack of knowledge on the part of counsel for appellant of any rules in Texas requiring the preparation of a brief for his client.

In his brief in this cause counsel for appellant makes nine assaults or assignments of error against the judgment of the trial court, and quite a number of authorities are cited in his brief, which he claims sustain the attacks made upon the judgment and require its reversal. The statement of facts in the cause consists of approximately 65 typewritten pages, and it is manifest that these attacks upon the judgment and the authorities cited in their support would require serious consideration by counsel for appellees in briefing the case for his clients in reply thereto, and it is also manifest to us that the time remaining between the filing of appellant's brief and the submission of the cause (only three days, excluding Sunday)

would not be reasonable and ample time to permit the preparation of a reply brief by counsel for appellee, even had he been in position to give his undivided attention to the matter of such brief, which his motion shows he was not in position to do.

Thus it is apparent, we think, that the motion to dismiss should be sustained. It was no excuse, of course, for failing to file appellant's brief in this cause within the time required that counsel for appellant was ignorant of the rules governing the filing of briefs in this court, and, as we have stated above, that is really the only reason why appellant's counsel did not prepare and file his brief. It is very clear that article 2115, R. S., mentioned above, required appellant's counsel to file with the clerk of the lower court a copy of his brief five days before the time of filing of the transcript in this court. Under that article it is the duty of the district clerk to at once give notice of such filing to the appellee, or his attorney of record, and the latter is then required, in 20 days after receipt of such notice, to file a copy of his brief with the clerk of the trial court, and with the clerk of this court four copies.

By articles 1613 and 1616, R. S. 1911, it is provided that causes in our Courts of Civil Appeals shall be docketed in the order of their filing, and that they shall be set for submission in the order in which they are docketed, "unless continued to some future time for good cause shown."

In the case of Niday v. Cochran, 48 Tex. Civ. App. 260, 106 S. W. 463, the court, relative to these articles, said:

"Under these provisions of the statute, appellee has two substantial rights: (1) To have the cause submitted in its regular order; and (2) to be allowed 20 days after notice of the filing of appellant's brief with the district clerk within which to prepare and file his own brief. * * * To overrule his motion to dismiss in the present case will inevitably require him to yield one of these substantial rights. We will have either to postpone the submission or hear and determine the case without a brief for appellee."

The ruling in that case was reannounced and adhered to in Goodhue v. Leckie, 176 S. W. 647. If this court should decline to sustain the motion to dismiss in this case, it would leave the appellees in this court without any brief in reply to that of appellant, without any fault or neglect on the part of appellees or their counsel, unless we should deny appellees the substantial right to have this cause submitted in its regular order, but postpone the same to some future day, and by that means allow appellees' counsel time in which to brief appellee's case. We feel that we would not be justified in doing this; and we doubt whether a reported case can be found in Texas that would be authority for such action, upon facts like these.

This court has heretofore, on several occasions, refused to dismiss appeals because of failure on the, part of appellants to file briefs in strict compliance with the rules, but their relaxation in those cases, it was thought, did not delay a submission of the cause, and also because it was apparent that the appellees in those cases had reasonable time to prepare and file briefs before submission. It is clear, from what we have said above, that such is not the situation here.

Appellees' counsel, under law and rules, was entitled to 20 days in which to prepare and file a brief for his clients in this cause, after being notified of the proper filing of appellant's brief, but, instead of having 20 days for that purpose, if we should deny the motion to dismiss, we would be, in effect, holding that he was entitled to only 3 days, instead of 20, and that he should have prepared and filed his brief within that short time, regardless of what his other duties may have been, and regardless of the fact that no reason was shown why he should have been deprived of the 20 days' time allowed him by law. We feel that it is this court's duty to sustain the appellees' motion to dismiss, and it is so ordered, and the appeal will be dismissed.