## AMERICAN LAW BOOK CO. v. CARTER.
### (No. 11172.)

(Court of Civil Appeals of Texas. Fort Worth. May 23, 1925.)

**1. Appeal and error ⬳672—Propositions raising questions of error in admission and exclusion of testimony held not to show "fundamental error."**

In view of Rev. St. arts. 1607, 1612, propositions raising questions of error in admission and exclusion of testimony as to alleged misrepresentations by seller's agent and to effect that agent was unauthorized to bind seller, that if representations were made they were without seller's knowledge, and that seller complied with contract until buyer defaulted, *held* not to show "fundamental error," such error as lies at base and foundation of proceeding and affects judgment necessarily.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

**2. Pleading ⬳228—Overruling special exception to part of answer, because it purposed to introduce hearsay, held without error.**

Where it did not necessarily follow that, to establish fraudulent statements and representations, alleged to have been made by seller's agent, that buyer must necessarily rely on hearsay, overruling special exception to buyer's answer because of allegation claimed to be based on hearsay was without error.

Appeal from Parker County Court; Charlie Sullivan, Judge.

Action by the American Law Book Company against J. E. Carter. Judgment for plaintiff in amount less than prayed for, and it appeals. Affirmed.

T. F. Temple, of Weatherford, for appellant.

J. E. Carter, of Weatherford, for appellee.

BUCK, J. The American Law Book Company sued J. E. Carter in the justice court of Parker county for $161.37. It was alleged that defendant had ordered from plaintiff on, to wit, September 19, 1919, a set of Cyc., volumes 1 to 40, inclusive, and certain index and annotations thereto, and 17 volumes of Corpus Juris; that the defendant agreed to pay plaintiff $40 rental for the use of the volumes of Cyc. and $127.50 for the 17 volumes of Corpus Juris then published, to pay $7.50 per volume on delivery of each subsequent volume not to exceed 70, and to pay $8 a volume for the annual annotations of the Corpus Juris; that all of the volumes of Cyc. were to remain the property of plaintiff, and to be returned to it, freight prepaid, on completion of the Corpus Juris; that all Corpus Juris volumes should belong to the company until paid for; that, in case of default in payment for 60 days, defendant had agreed to return all volumes of Cyc. and all unpaid volumes of Corpus Juris to the plaintiff. The contract contained this provision:

"This contract is entire and not severable. Six per cent. interest runs on all accounts after maturity. No representation or agreement has been made by salesman not herein stated, and duplicate of this contract has been signed by purchaser, and when approved by the company will be returned to purchaser."

Judgment was rendered for plaintiff for $33.94, and for a return of the 40 volumes held by defendant on the rental contract; if the Cyc. should not be returned, an additional judgment for $100 in favor of plaintiff was rendered.

On appeal to the county court, defendant pleaded that the plaintiff's salesman had represented to defendant that he was selling for the plaintiff company the Cyc. and Corpus Juris, and that the Cyc. contained all of the law as far as it went, and that the Corpus Juris contained all of the law from that date up to the time of sale, and they would get out annuals which would keep up every case from the courts as they came out; that this set of books was all that any lawyer needed to find any and all of the law; that the Corpus Juris would be completed within five to seven years, not to exceed seven years, and that he would guarantee that said work would be completed within the seven years; that said set of books was being edited by the best law searchers in the United States, and that they could be relied on as containing the "correct law" and the latest law of all the courts, and all of the law that was published from the higher courts of this country; that you could turn to the subject you were interested in and find all of the law on that subject, and then pick up the annual and find whether or not there were any later cases on that subject, either affirming or changing the rule of law, and that he would positively guarantee the books to be as he represented them to be.

Defendant further alleged that he had received advertising matter from the plaintiff company prior to the visit of the agent, and that in this advertising matter the representation was made to the public, and especially to lawyers, that the Corpus Juris and Cyc. contained all of the law upon any matter under investigation. Defendant further pleaded that he relied on these representations, and would not have ordered the books, except for such reliance; that upon the execution of the order he paid to the plaintiff company $150.75; that he had never seen either the Cyc. or any volume of Corpus Juris at the time the representations were made to him by the agent; that soon after defendant had executed said contract in question he learned that the said books were not like they had been represented to him, and

that said representations so made were untrue, and he immediately wrote the said company, asking it not to ship the books and to refund him the money paid prior thereto; that the plaintiff did not comply with either request, and subsequently shipped the Cyc. and 17 volumes of Corpus Juris.

Defendant further alleged that said books were worthless for any purpose for which they were contracted for, and that they were in no respect the kind and quality as represented to him by said company and their agent, and the said agent and company well knew, at the time said representations were made to defendant, that said representations were false and fraudulent and were made for the purpose of inducing defendant to purchase said books and sign said contract. Wherefore defendant prayed that he recover against the plaintiff judgment for $150.75 and all costs of suit.

Plaintiff filed a supplemental petition in reply to defendant's answer, consisting of a general demurrer and certain special exceptions. It specially excepted to the alleged representations claimed to have been made by the agent that the Corpus Juris would be completed within seven years, and that the Cyc. and Corpus Juris was a complete digest of all the law decided by the higher courts. The plaintiff urged that said plea should not be heard, because it was an attempt to vary the terms of a written contract, and to engraft upon a written and unambiguous contract provisions not contained therein, and to nullify the direct provisions of a contract written and signed by defendant and approved by plaintiff. It specially excepted to the plea of fraud, and entered a general denial to defendant's allegations. Upon a trial before the court without a jury, the court entered a judgment that the plaintiff take nothing as against defendant Carter, and defendant recover of plaintiff the $150.75 paid it, with interest at 6 per cent. from September 19, 1919. Defendant had tendered into court all of the books received by him. From this judgment, the plaintiff has appealed.

Appellant did not file in the trial court any assignments of error. It has four bills of exception. Nor did it file a motion for new trial. Bill of exception No. 1 is to the admission of the testimony of defendant as to the alleged misrepresentations made by the agent of the plaintiff to him, and in the advertisements of the plaintiff with reference to the completeness and sufficiency of the Cyc. and Corpus Juris. Bill of exception No. 2 complains of the action of the trial court in excluding the testimony of plaintiff's witness, W. E. Brush, treasurer of the plaintiff company, to the effect that no salesman had any authority to bind the company in any way, as orders are simply taken by the salesman and submitted to the company for its approval, and all contracts have printed in them the following clause:

"No representation or agreement has been made by a salesman not herein stated."

Bill of exception No. 3 complains of the exclusion of the testimony of the same witness to the effect that, if the agent of plaintiff had made any promises or representations. other than contained in the contract, it was without plaintiff's knowledge or approval, and the contract was sent to the company and received at its office on September 24, 1919, without one word or statement from the agent that he had made any promise or representation of any kind other than contained in the contract. Bill of exception No. 4 complains of the exclusion of the testimony of the same witness, in answer to the question:

"Has plaintiff striven to comply in every particular with its contract with defendant? If yea, who [when?] and wherein has the failure been made?"

The answer excluded was:

"Yes; until defendant herein, by continued default in this agreement to pay for the volumes of Corpus Juris as issued, for a period of two years, compelled plaintiff company to withhold shipment of further volumes as published."

It will be noted that all of the bills of exception have reference to the admission or the exclusion of testimony. Appellee objects to the consideration of the assignments and propositions contained in appellant's brief, for the reason that no assignments are shown to have been filed in the trial court, and that no fundamental error apparent of record is shown. Article 1607, Rev. Statutes, reads as follows:

"In all cases of appeal or writ of error to the Courts of Civil Appeals, the trial shall be on a statement of facts or agreed statement of the pleadings and proof as agreed upon by the parties or their attorneys, or the conclusions of law and fact, as the case may be, certified to by the judge of the court below; or should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on a special verdict; or on an error in law, either assigned or apparent on the face of the record; and, in the absence of all these, the case shall be dismissed with costs alone, or with costs and damages, at the discretion of the court. And the court shall admit, as part of the record to be examined by them in the trial of a cause, every bill of exceptions not signed by the judge trying the cause below, upon its appearing to the satisfaction of the court that the facts are fairly stated therein; that said bill was prepared in accordance with the law governing the preparation of such bills, and that the judge trying the cause refused to sign the same; and the truth of any such bill of exceptions shall be determined by the court on the copies of the affidavits required by law to be made in such case, such copies to be contained in, and to form a part of, the

record transmitted to the Court of Civil Appeals."

Article 1612, as amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612) reads:

. "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office: Provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error; and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

The question is: Do the errors complained of in the bills of exception constitute fundamental error? In Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, Judge Brown says:

"Webster defines the word 'apparent' thus: 'Clear, or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record, therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show · a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily."

See Oar v. Davis, 105 Tex. 479, 484, 151 S. W. 794; Gordon v. State (Tex. Civ. App.) 151 S. W. 867; H. & T. C. Ry. v. Roberts (Tex. Civ. App.) 194 S. W. 219; Riggs v. Baleman (Tex. Civ. App.) 198 S. W. 813;

Hendrick v. Blount-Decker Lumber Co. (Tex. Civ. App.) 200 S. W. 171; Brown v. Greenspun (Tex. Civ. App.) 200 S. W. 174; Fire Ins. Co. v. Thos. Goggan Bros. (Tex. Civ. App.) 203 S. W. 163; Celli v. Sanderson (Tex. Civ. App.) 207 S. W. 179; Stewart v. McAllister (Tex. Civ. App.) 209 S. W. 704; Bonding Casualty & Ins. Co. v. Harless (Tex. Civ. App.) 210 S. W. 307.

It has been held that the Supreme Court is confined to the assignments of error contained in the petition for writ of error, and cannot carve an assignment of error out of a multifarious assignment, in order to assume jurisdiction over a question not presented in the assignment itself. Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830; Wynne v. Payne (Tex. Com. App.) 244 S. W. 993.

[1] We are of the opinion that the propositions raising the questions of error as to the admission of the defendant's testimony and the exclusion of other testimony do not show fundamental error, "such error as, being readily seen, lies at the base and foundation of the proceeding and affects the judgment necessarily." Hence we overrule said propositions.

[2] Under proposition No. 2, appellant complains of the action of the trial court in overruling its special exception to that part of the defendant's answer wherein he pleaded that "he later learned that the representations were falsely made," because such an allegation in the pleading is clearly based on hearsay, and is made with the intention and purpose of introducing such kind of testimony. This objection does not go to the authority of the agent to make such representations, but merely the proof of the fact that defendant subsequently learned that the representations were falsely made required the introduction of hearsay testimony. We do not think that it necessarily follows that, in order to establish fraudulent statements and representations alleged to have been made by the agent, defendant must necessarily rely on hearsay testimony. In fact, much of his evidence in regard to the claimed insufficiency and incompleteness of the books was based on his own examination thereof.

All assignments are overruled, and the judgment is affirmed.