**MILLIKEN v. McKENZIE et al.    (No. 11602.)**

(Court of Civil Appeals of Texas. Fort Worth. June 5, 1926. Rehearing Denied June 26, 1926.)

**1. Appeal and error ⊚⟞672.**

In considering whether there is fundamental error apparent of record, appellate court need not examine statement of facts to verify contentions of appellant.

**2. Appeal and error ⊚⟞672.**

In absence of assignments of error filed in lower court, fundamental error will not be considered as "apparent of record," where facts disclosed by pleadings are so meager as to require examination of statement of facts.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Action by Ellen McKenzie and others against C. Y. Milliken. From the judgment, defendant appeals. Affirmed.

Sullivan, Speer & Minor, of Denton, for appellant.

Robert H. Hopkins, of Denton, for appellees.

BUCK, J. Ellen McKenzie and her five children, Sam and Fred McKenzie, and Annie May Cornelius, Mattie Price, and Flora Hembry, each joined by her husband, sued C. Y.

Milliken in form of trespass to try title to 50 acres of land out of the John W. King survey, in Denton county, situated adjacent to the town of Lewisville. Plaintiffs alleged that the land sued for was part of a larger tract owned jointly by Dick McKenzie, deceased husband of Ellen McKenzie, and father of the other plaintiffs in interest, and Anthony Hembry. They alleged that defendant was claiming the land under a sale under a pretended deed of trust, but that the sale, under which defendant claimed, was a fictitious sale, .made for the purpose of getting money on a vendor's lien note, executed by the plaintiff Sam McKenzie, and the vendor's lien note for $500, signed by him, was null and void, as well as the deed and sale, by reason of the land being a part of the homestead of .Ellen McKenzie and her late husband; that no sale was contemplated or in fact consummated by the parties, and that the grantors remained in possession of the property from the date of the deed, to wit, October 8, 1907, until grantor Dick McKenzie died, about 1914, and Ellen McKenzie had been in possession and control thereof since said time; that the grantee, Sam McKenzie, had never taken possession of said property.

Plaintiffs further alleged that the defendant based his claim to the land by reason of a purchase under a pretended deed of trust, but that the deed of trust and the deed were null and void, and of no force and effect, and that, therefore, defendant's claim to the land should be denied. It was further pleaded that Fred McKenzie and Annie May Cornelius and Mattie Price did not sign the deed of trust, executed to secure the vendor's lien note for $500, and that by reason of their failure to sign said deed of trust they were not bound or affected by the sale under said deed of trust.

Defendant below answered by a general demurrer, by a plea of not guilty, and by a general denial. By way of special answer, he alleged that the plaintiffs were claiming some interest in the property described, and that such claim constituted a cloud on his title, and he prayed for judgment canceling and removing said claim.

Plaintiffs, by their first supplemental petition, excepted to the original answer, and pleaded a general denial of the facts therein pleaded, and specially alleged certain facts theretofore pleaded in their original petition not necessary here to repeat.

In an amended original answer, defendant alleged that a negro, all the parties plaintiff being negroes, named Will Brotherton, had gone onto the land involved in this suit, and was attempting to exercise control, and to use and possess the same for his own benefit and advantage, and prayed that he be made a party to the suit, and that he have judgment against him.

---

The cause was tried without the intervention of a jury, and the court rendered judgment for defendant as against Ellen McKenzie, Sam McKenzie, Flora Hembry, joined by her husband, for seven-tenths interest in the tract of land involved. He also rendered judgment in favor of Fred McKenzie, Annie May Cornelius, and Mattie Price, each, for a one-tenth interest in the land. The defendant has appealed.

Appellant presents several assignments, alleging fundamental error. He did not file in the court below a motion for rehearing, nor did he file in said court any assignment of error. In his propositions under the alleged fundamental error, he asserts that—

"Defendants in error claimed the land because of the ownership in Dick McKenzie and his wife, and that no title passed by their deed to Sam McKenzie on October 8, 1907, and that the note executed by Sam McKenzie as part of the purchase money therein was likewise void. The court, having denied their right of recovery on these grounds, should have rendered judgment for plaintiff in error for the whole title.

"The $500 note originally executed by Sam McKenzie to Dick McKenzie as part of the purchase money under the deed of October 8, 1907, continued to be the obligation of said Sam McKenzie until finally paid, and, even though he subsequently sold the land, he had the right to renew and extend the maturity of the note with the holder from time to time.

"There is no contention by defendants in error that the $500 note originally executed by Sam McKenzie in his purchase from Dick McKenzie under deed dated October 8, 1907, was ever permitted to bar by limitation. There is likewise no contention on the part of defendants in error that Dick McKenzie did not assume the payment of this $500 note when he repurchased the land on April 28, 1910.

"Dick McKenzie having purchased the land from Sam McKenzie by deed dated April 28, 1910, and assumed the payment of the outstanding $500 note, it became a community debt, for which the estate was obligated, and his surviving wife had the right to execute the deed of trust to secure its payment, and the sale thereunder passed the title to plaintiff in error."

[1] We are not prepared to question the contentions made by plaintiff in error, if the facts referred to were properly before us. But in considering a question of error, apparent of record, or fundamental error, we are not permitted, or at least not required, to examine the statement of facts in order to determine whether or not the contentions made by appellant or plaintiff in error are sustained by such facts. In American Law Book Co. v. Carter, 275 S. W. 510, by this court, it was held that assignments of error must be filed in the lower court in order to be reviewable by a Court of Civil Appeals; that in the absence of such filing in the lower court of the assignments of error, the appellate court can only consider questions involving fundamental error.

In Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, Judge Brown, speaking for our Supreme Court, said:

"Webster defines the word 'apparent' thus: 'Clear, or manifest to the understanding; plain; evident, obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record, therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily."

In Ford & Damon v. Flewellen, 276 S. W. 903, by the Commission of Appeals, it was held, quoting from the headnote:

"Holding by Court of Civil Appeals that, where no assignment of error was filed, and trial court had jurisdiction of parties and of controversy, and the pleadings authorized the judgment so that only method of determining whether fundamental error has been committed is by going through entire statement of facts, the judgment will be affirmed, is not in conflict with any other decisions of Supreme Court. When only method of determining whether fundamental error has been committed is by going through entire statement of facts, there being no assignment of errors, appellate court is not required to pass on that question."

[2] It will be remembered that defendant's answer consisted of a general demurrer, a plea of not guilty, and a general denial, and a plea that plaintiffs' claims cast a cloud upon his title to the land, and a prayer that the same be canceled, removed, and held for naught.

In view of the meagerness of the defendant's answer, we would be required to go into the statement of facts to determine the ground upon which the defendant claimed the right to the property. By so doing, we might find ample evidence to sustain defendant's claim that the trial court erred in awarding the three-tenths undivided interest to the land involved to the defendants in error Fred McKenzie, Annie May Cornelius, and Mattie Price. But we would have to go into the evidence in order to find these facts. This we are not permitted, or at least not required, to do under the Supreme Court decisions above quoted, and numerous other decisions to the same effect.

Therefore the judgment below is affirmed.