### DEAN v. ORTON et al. (No. 1499.)

Court of Civil Appeals of Texas. Beaumont. March 11, 1927.

**1. Appeal and error ⟨⟩672—Instructed verdict is fundamental error, where issues of fact in favor of losing party should have gone to jury.**

An instructed verdict constitutes fundamental error, where issues of fact are raised in favor of the losing party which should have gone to the jury.

**2. Appeal and error ⟨⟩672—Court of Civil Appeals cannot go to statement of facts to discover fundamental error.**

Court of Civil Appeals cannot go to statement of facts for purpose of discovering fundamental error.

Appeal from Jasper County Court; A. S. McKee, Judge.

Action between S. P. Dean and another and J. M. Orton and another. Judgment for the latter, and S. P. Dean appeals. Appeal dismissed.

Mooney, Adams & Hamilton, of Jasper, for appellant.

Smith & Lanier, of Jasper, for appellees.

WALKER, J. This case was tried in the county court on the 13th day of July, 1926. The court adjourned the 24th day of July,

1926. The record was filed in this court the 12th day of October, 1926. In its due order on the docket, this case was set down for submission for the 17th of February, 1927, and all parties given due notice of the setting. On the 29th day of January, 1927, appellant filed his motion to postpone submission and for certiorari to complete the record. The motion to postpone was denied, but the motion for certiorari was granted. Appellant not having briefed his case, appellees, on the 14th of February, filed their motion to dismiss the appeal on that ground. On the 17th of February, after the case was called for submission, appellant renewed, in writing, his motion to postpone, but alleged no ground sufficient to excuse his delay in preparing his case. The motion to postpone was denied when presented, and the case was duly submitted. On submission, appellant suggested fundamental error, in that he said this was an appeal from an instructed verdict when the evidence was sufficient to raise an issue of fact in his favor, and therefore he said the court erred fundamentally in instructing a verdict against him.

[1, 2] Of course, an instructed verdict constitutes fundamental error when issues of fact are raised in favor of the losing party that should have gone to the jury. But, upon inquiry from the court, appellant frankly stated that the error urged by him could be made apparent only by an inspection of the statement of facts, which, in this case, comprises a record of six pages. It now seems to be the established rule by the Supreme Court that a Court of Civil Appeals cannot go to the statement of facts *at all*, for the purpose of discovering fundamental error, the reason given being:

"Any other rule, as we see it, would place an almost unbearable burden upon our appellate courts." Ford & Doman v. Flewellen (Tex. Com. App.) 276 S. W. 903.

This court had this question before it recently in the case of Yardley v. Houston Oil Co. (Tex. Civ. App.) 288 S. W. 861, in which many of the authorities were reviewed, and the writer of this opinion dissented from the position of the majority of this court. Writ of error was duly prosecuted from our opinion in that case, but was dismissed for want of jurisdiction. Until the Supreme Court enters into further discussion of this question, it will be our holding that we cannot go into the statement of facts *at all* to discover fundamental error.

It follows that the motion to dismiss must be sustained. Wall v. Solomon (Tex. Civ. App.) 259 S. W. 683; Tsutomur Dyo et al. v. Smith (Tex. Civ. App.) 249 S. W. 541; Mandry v. Brown Cracker & Candy Co. (Tex. Civ. App.) 248 S. W. 1095; West Louisiana Bank v. Brown (Tex. Civ. App.) 229 S. W. 639; Searle v. San Antonio Hotel Co. (Tex. Civ. App.) 244 S. W. 571. And it is accordingly so ordered.