### HOBBS et al. v. JOHNSON.    (No. 1554.)

Court of Civil Appeals of Texas. Beaumont.
June 16, 1927.

Rehearing Denied June 22, 1927.

Appeal and error ⊜⟴770(2)—Striking brief of plaintiffs in error as filed too late held proper, in absence of excuse for delay or waiver of agreement.

In absence of excuse for failure of plaintiffs in error to file briefs until two days before submission of case, or agreement of record waiving filing thereof, as required by rules, motion to strike brief as filed too late was well taken.

Error from District Court, Montgomery County; Thos. B. Coe, Judge.

Trespass to try title by Charlie Johnson against Taylor Hobbs and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. O. Dailey, of Houston, and McCall & Crawford, of Conroe, for plaintiffs in error.
Foster & Williams, of Houston, for defendant in error.

HIGHTOWER, C. J. This suit of trespass to try title was filed by defendant in error, Johnson, in the district court of Montgomery county, against the plaintiffs in error to recover the title and possession of a tract of land known as lot No. 9 of the R. H. Johns subdivision of the Edward Hall survey in Montgomery county. Plaintiffs in error answered by general denial, plea of not guilty, and further interposed as a defense the statutes of limitation of five and ten years. A jury was demanded in the case, but upon conclusion of the evidence the trial judge peremptorily instructed a verdict for the defendant in error and entered judgment accordingly.

Plaintiffs in error duly prosecuted an appeal to this court and filed the record in this court on March 8, 1927. On March 19, 1927, counsel for plaintiffs in error were notified by the clerk of this court that this cause had been set for submission on May 19, 1927. Counsel for plaintiffs in error filed no brief in this court until May 16, 1927, two days before submission. On the same day counsel for defendant in error filed a motion objecting to the consideration of the brief for plaintiffs in error on two grounds: First, because the brief was filed too late; and, second, because the brief as filed contained no assignment of error challenging any action of the trial court.

Counsel for plaintiffs in error have offered no excuse for their failure to file briefs in this cause, as required by the rules. The record discloses that there was no agreement between counsel for the parties waiving the filing of briefs by plaintiffs in error, as required by the rules for briefing causes in this court. In this situation we were compelled to sustain the motion to strike out the briefs for plaintiffs in error, and accordingly did so. That the motion to strike the brief of plaintiffs in error on the ground that it was filed too late was well taken, see West Louisiana Bank v. Terry (Tex. Civ. App.) 229 S. W. 639. The motion to strike on the ground that the brief contained no assignment of error was also well taken. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734.

Since no fundamental error is suggested, and none discovered by this court, the judgment should be affirmed, and that has been our order.