## STRIPLING v. SPIVEY.

### No. 2323.

Court of Civil Appeals of Texas. Beaumont.

Jan. 18, 1933.

Rehearing Denied March 1, 1933.

Edward Clark, of San Augustine, V. H. Stark, of Orange, and W. T. Davis, of San Augustine, for appellant.

J. J. Collins, of Lufkin, and Bogard & Anderson, of San Augustine, for appellee.

COMBS, Justice.

At the outset, we are confronted with a motion by appellee to strike out appellant's brief on the ground that appellant failed to file his brief within the time prescribed by law (see Vernon's Ann. Civ. St. art. 1848), and in sufficient time to permit attorney for appellee to prepare and file a reply brief on or before the day set for submission. We are of the opinion that the motion to strike the brief should be sustained.

 The record was filed in this court July 11, 1932. On July 27, 1932, this court made an order setting this cause for submission on December 15, 1932. The clerk of this court promptly notified counsel for appellant of such setting. Appellant's brief was not filed in this court until December 5, 1932, only ten days before the day of submission. Appellee filed no brief but instead he seasonably filed his motion to strike appellant's brief. It is alleged in the motion, which is properly verified, that counsel for appellee did not receive a copy of appellant's brief until December-

ber 4th; that, owing to the length of appellant's brief, the number of issues involved, and the number of authorities cited, the preparation of a reply brief would be tedious and difficult, and that on account of the press of legal business during the ensuing week counsel for appellee would be able to devote little time, if any, to the preparation of a brief, his time being required in the trial of a case in the district court of Angelina county, which convened on Monday, December 5th; and that he could not, under the circumstances, prepare and file a reply brief on or before the day set for submission. Counsel for appellant has filed a reply to the motion to strike. In his reply, however, counsel does not question the correctness of the matters above stated, nor does he offer any sufficient justification for his failure to file his brief sooner and in time for counsel for appellee to have a reasonable time to prepare and file a reply brief before submission day. He suggests that no injury would result to appellee from a postponement of the submission of the cause, and that we should postpone the submission for some later day of the term in order that counsel for appellee might have time to prepare and file a reply brief. We cannot agree with this contention. The right of an appellee to have his cause submitted in its regular order is a substantial right. Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462, 463; West Louisiana Bank v. Terry (Tex. Civ. App.) 229 S. W. 639, 640. In the case of West Louisiana Bank v. Terry, supra, this court had before them a motion to strike appellant's brief and dismiss the appeal because the brief for appellant was not filed within time for counsel for appellee to prepare and file a reply brief before the day set for submission, and counsel for appellant there suggested a postponement in order that appellee's counsel might be afforded an opportunity to brief the case. In disposing of that question, Chief Justice Hightower, in the opinion, said:

"If this court should decline to sustain the motion to dismiss in this case, it would leave the appellees in this court without any brief in reply to that of appellant, without any fault or neglect on the part of appellees or their counsel, unless we should deny appellees the substantial right to have this cause submitted in its regular order, but postpone the same to some future day, and by that means allow appellees' counsel time in which to brief appellee's case. We feel that we would not be justified in doing this, and we doubt whether a reported case can be found in Texas that would be authority for such action, upon facts like these.

"This court has heretofore on several occasions refused to dismiss appeals because of failure on the part of appellants to file briefs in strict compliance with the rules, but

their relaxation in those cases, it was thought, did not delay a submission of the cause, and also because it was apparent that the appellees in those cases had reasonable time to prepare and file briefs before submission. It is clear from what we have said above, that such is not the situation here."

In the instant case, as. in the case from which we have just quoted, appellee is without a reply brief through no fault of his own. He has in no way waived his right to have his case submitted in its due order. Instead, he seasonably filed his motion to have appellant's brief stricken from the record, and, under the facts, we find it our duty to grant the motion.

Appellee's motion is to strike appellant's brief and affirm the case. In that situation, but one question remains to be determined— that of fundamental error. The suit is for rents on a store building in San Augustine in the amount of $1,750, and for possession of the property. Upon a trial of the case, verdict was instructed for the plaintiff and judgment entered for his rents and for possession. We have carefully examined the record, and find no fundamental error. It follows that the case should be affirmed, and it is so ordered.

Affirmed.