SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY
v. C. W. HOLDEN.

No. 847.  Decided January 11, 1900.

**1.  Briefs—Time for Filing—Statute Construed.**

Article 1417, Revised Statutes, requires briefs to be filed not less than five days before the transcript is actually filed in the appellate court, though it may not be required to be filed till a later date.  (P. 213)

**2.  Same—Effect of Delay in Filing.**

The statute does not, however, authorize a dismissal of the appeal for every slight departure from the rule, but only that such direction be given the case as to secure appellee the substantial benefits of the act.  (P. 213.)

**3.  Same—Rule 39 for Courts of Civil Appeals.**

Neither does the rule of court on the same subject (Rule 39, Courts of Civil Appeals) require a dismissal of the appeal for every slight departure from its provisions, where no injury could result from the infraction.  (Pp. 213, 214.)

**4.  Same—Excuse for Failure.**

Appeal was perfected June 7th; brief filed August 28th; transcript required to be filed in the appellate court by September 5th, but actually filed August 30th, the next term beginning on October 2d.  Held, that appellee was not prejudiced by the failure to postpone the filing of the transcript until five days after the filing of the brief, and the appeal should not be dismissed.  (Pp. 212, 214.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*A. W. Houston* and *Baker & Ross,* for appellant.

*T. A. Blair* and *John L. Dyer, Jr.,* for appellee.

GAINES, CHIEF JUSTICE.—The appeal was perfected in this case on June 7, 1899. A copy of appellant's brief was filed in the office of the clerk of the District Court in which the case was tried on the 28th day of August next thereafter; and, on the 30th of the same month, the transcript was filed with the clerk of the Court of Civil Appeals. A motion was made to dismiss the appeal because of the failure of appellant's counsel to file its brief in the office of the clerk of the District Court five days before filing the transcript in the Court of Civil Appeals, as is prescribed by article 1417 of the Revised Statutes. The appellant resisted the motion, but, as found by the Court of Civil Appeals, showed no sufficient excuse for the failure to file the brief the full five days before filing the transcript. The motion was sustained and the cause dismissed; but a motion for a rehearing having been filed, the Court of Civil Appeals certified for our determination the following questions:

"1. Does the language of article 1417 of the Revised Statutes, 'not less than five days before the time of filing of the transcript in the Court of Civil Appeals,' mean not less than five days before the last day permitted by law for filing the transcript in said court, or does it mean not less than five days before the transcript is actually filed?

"2. When the appellant's brief is not filed in the District Court within the time prescribed by statute, and a timely motion is made by the appellee to dismiss the appeal on that account, is he entitled to have the motion sustained and the appeal dismissed, unless the appellant furnishes a reasonable excuse for not having filed his brief within the time required; and, in addition thereto, it is made to appear that no injury will result to appellee from such failure?

"3. Did this court commit error, under the facts stated above, in sustaining the motion to dismiss the appeal in this case?"

The foregoing is but a brief outline of the facts upon which the Court of Civil Appeals propound the questions; other facts stated in their certificate may be mentioned in course of this opinion.

It is to be noted that, under the statute, the appellant had ninety days from the day on which his appeal was perfected within which to file the transcript in the office of the clerk of the Court of Civil Appeals, and that in consequence he could lawfully have delayed the filing until the 5th day of September. It is also to be borne in mind that the term of the Court of Civil Appeals extends, under the law, from the first Monday in October of each year until the first Monday of the next

succeeding July. In the year 1899, the term of court began on the 2d day of October.

The determination of the questions certified requires a construction of article 1417 of the Revised Statutes and of rule 39 for the government of the Courts of Civil Appeals. They are as follows:

"Art. 1417. Not less than five days before the time of filing of the transcript in the Court of Civil Appeals, the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon, and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

Rule 39. "The failure of appellant or plaintiff in error to file an assignment of errors and briefs in the lower court and in the appellate court in the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error for want of prosecution, by motion made by appellee or defendant in error, as other motions under rule 8, unless good cause is shown why it was not done in the time and manner as prescribed, and that they have been filed at such time and under such circumstances as that the appellee or defendant in error has reasonably not suffered any material injury in the defense of the case in the appellate court. In deciding said motion, the court will give such direction to the case as will cause the least inconvenience or damage from such failure, so far as practicable."

We are of opinion that the statute means that the appellant or plaintiff in error shall file his brief five days before the transcript is actually filed in the Court of Civil Appeals. The object of the law was to afford the appellee or defendant in error a convenient opportunity and sufficient time to prepare his brief in answer to that of his adversary. Under the other construction, an appellant could file his transcript within sixty days after the date of the perfecting of his appeal and then file his brief just five days before the expiration of ninety days from such date and thereby defeat the purpose of the statute.

But while we think that the object of the article in question was to direct the filing of the brief five days before the filing of the transcript, we do not think that it was the purpose of the Legislature to authorize a dismissal of the appeal on account of every slight departure from the rule. It was doubtless intended that, in case of a failure to comply with the provision, the court should give such direction to the case as to secure to the appellee the substantial benefits intended to be secured to him by the act. In our opinion, the Legislature contemplated no greater penalty when there was neither a willful nor grossly negligent infraction of the rule.

But the construction of rule 39 is more difficult. The present rules

for the government of the courts of civil appeals were the rules for the government of the Supreme Court before the adoption of the late amendments to the judiciary article of the Constitution,—with very slight modifications. They were made applicable to the courts of civil appeals after the organization of the courts under the amendments. Before the act which organized the courts of civil appeals, there was no statute which prescribed that the appellant should file a copy of his brief in the office of the clerk of the district court. There was a rule, however, which required a copy to be filed there at least ten days before the first day of the assignment to which it was returnable. Rule 37, 47 Texas, 605. In readopting rule 39 and making it applicable to the courts of civil appeals, this court, in all probability, paid but little attention to the fact that the Legislature, in the act organizing the courts of civil appeals, had passed a law upon the subject. But we can hardly think that in adopting the original rule or in readopting it for the courts of civil appeals, this court ever intended to prescribe so rigid a penalty as to require a dismissal of an appeal for every slight departure from its provisions, when no possible injury had resulted or could result from the infraction. Such a construction is so manifestly unjust and so utterly out of accord with the spirit of our jurisprudence and the rules of practice which have ever obtained in the courts of our State, that it ought not to prevail unless the language be so express as to admit of no other construction. Is such the case with respect to the rule in question? We think not. In the first place, the rule reads, "the failure to file * * * an assignment of errors and briefs," and not "the failure to file either an assignment of errors or briefs." Literally, the rule applies only when there is a failure to file both; and hence if we are to be governed by the letter of the rule, it does not apply in this case. But we do not rest our conclusion upon this ground.

The appellant might have complied with the law in every respect by withholding the transcript until the 5th day of September and filing it on that day. The Court of Civil Appeals could not sit until the 2d day of October, and they state as a fact, in substance, that, under their rules and the condition of their docket, it could not have been submitted for several weeks after the beginning of the term. Evidently it was a matter of no moment to the appellee whether the transcript was filed on the 30th day of August or on the 4th or 5th day of September. When these facts are made to appear, either by affidavit or by the record and papers before the court, is not "good cause shown why" the brief was not filed "in the time and manner prescribed?" Is it not good cause to say, "we filed our transcript two days after filing our brief, because it would have been of no possible advantage to the appellee to have delayed the filing of the former until the lapse of five days?"

But again; we do not construe the rule as requiring the court to absolutely dismiss in every case when there has been a failure to file the brief in time, and no cause is shown for the delay. It does not say that

the court shall dismiss in such case. It simply makes the failure a "ground for dismissing." This, as we think, was meant merely to empower the court to dismiss when the delay was of such a character as to demand that course, and not to make it mandatory to do so when no injury has resulted to the appellee. The last provision in the rule is noteworthy. It reads: "In deciding said motion, the court will give such direction to the case as will cause the least inconvenience or damage from such failure, so far as practicable." It does not say that in case the motion to dismiss be overruled, "the court shall give such direction to the case as will cause the least inconvenience," etc., to the appellee; but that "in deciding the motion," the court shall do this. We think it was meant by the language last quoted that in deciding the motion all the circumstances should be considered and that the court should not be bound to dismiss when no delay or other injury had resulted to the appellee.

We answer the second question in the negative and the third in the affirmative.