HARWOOD–BARLEY MFG. CO. v. McCULLOCH. (No. 5645.)

(Court of Civil Appeals of Texas. Austin. April 26, 1916. Rehearing Denied June 28, 1916.)

APPEAL AND ERROR ☞765—TIME FOR FILING APPELLANT'S BRIEF—STATUTORY REQUIREMENTS.

Under Rev. St. 1911, art. 2115, requiring an appellant to file a copy of his brief in the district court not less than 5 days before the time of filing the transcript in the court of Civil Appeals, which shall be by the clerk deposited with the papers in the case and notice given by the clerk to the appellee who shall file his brief within 20 days, and rule 39 of the Court of Civil Appeals (142 S. W. xiii), providing that failure of an appellant to file briefs in the time and manner prescribed by the law and rules shall be ground for dismissing the appeal for want of prosecution, where appellant presented a folded paper, not indorsed, to the clerk of the county court for the file mark on January 27th, but took it away and did not return it to the clerk's office until March 25th, notice being given appellee on March 26th, the case being set for hearing April 5th, there was not a sufficient compliance with the statute, and a motion to dismiss the appeal will be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3100; Dec. Dig. ☞765.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action between the Harwood-Barley Manufacturing Company and S. H. McCulloch. From the judgment, the Harwood-Barley Manufacturing Company appeals. On motion to dismiss. Motion sustained, and appeal dismissed.

R. H. Kingsbury, of Waco, for appellant. Nat Harris and Spell & Sanford, all of Waco, for appellee.

JENKINS, J. Judgment in this cause was rendered April 27, 1915. The transcript was delivered to appellant's attorneys August 5, 1915, and filed in this court October 13, 1915. On December 13, 1915, appellant filed its brief in this court. No copy of this brief was served on appellee's attorney until March 26, 1916. The county clerk of McLennan county certifies:

"That on the 27th day of January, A. D. 1916, Nat Harris, of counsel for appellant in said cause, came into the county clerk's office and presented a paper folded up, with no indorsement on the back thereof, and requested me to put my file mark on the same. In compliance with this request the following mark was put on the back of said paper: 'Filed January 27th, 1916, J. W. Baker, Clerk of the County Court McLennan County, Texas, by T. C. Morris, Deputy.' Immediately thereafter Mr. Nat Harris left the office and carried the paper with him, and said paper has not been in this office since that time until last Saturday, March 25, 1916. This is the only copy of said brief that has ever been presented to this office. There is no other copy on file or held by this office."

On March 25, 1916, appellee filed a motion in this court to dismiss the appeal herein, for the reason that no brief had been filed by appellant, as required by the statute and by the rules governing this court, from which we copy as follows:

"(1) This case is set down to be heard by this honorable court for the assignment beginning April 5, 1916, and up to this time appellant has failed to file any brief herein with the county clerk of the county court of McLennan county, Tex., from which said case was appealed to this honorable court.

"(2) The appellee in this cause has not been furnished, either by the appellant or his attorney, with a copy of their brief.

"(3) Because appellant, by his failure to file his brief or to furnish appellee with a copy thereof within the time prescribed by the rules of this court and the statutes governing the same, has deprived the appellee of valuable right, in that appellee has not sufficient time in which to answer, the same having not been filed within 20 days prior to the submission of said cause in this court. Appellee attaches hereto a certificate of the clerk of the county court of McLennan county, and the same is made a part of this motion."

Appellee also attaches the affidavit of his attorney, showing that he never received a copy of appellant's brief until the 26th day of March, 1916, and that he had had the county clerk of McLennan county to search his office to ascertain if appellant had filed any brief herein, and had ascertained from said clerk that no brief had been filed in that office prior to March 25th.

It thus appears that appellant technically filed a copy of its brief with the county clerk of McLennan county on January 27, 1916,

---

but that by reason of the same not being indorsed in such a manner as to indicate what it was, and by reason of the fact that appellant's attorney who filed the same immediately put the same in his pocket and carried it away and did not return the same to the clerk's office prior to the 25th day of March, 1916, the spirit of the law upon this subject has not been complied with, for which reason appellee's motion to dismiss this case is sustained. The statute referred to is as follows:

"Art. 2115. Not less than five days before the time of filing the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon; and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

Rule 39 for the government of this court (142 S. W. xiii) is as follows:

"The failure of appellant or plaintiff in error to file an assignment of errors and briefs in the lower court and in the appellate court in the time and manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error for want of prosecution, by motion made by appellee or defendant in error, unless good cause is shown why it was not done in the time and manner as prescribed, and that they have been filed at such time and under such circumstances as that the appellee or defendant in error has reasonably not suffered any material injury in the defense of the case in the appellate court. In deciding said motion the court will give such direction to the case as will cause the least inconvenience or damage from such failure, so far as practicable."

It has been held in a number of cases that a failure to comply with the statute above set out is cause for dismissing the appeal. Railway Co. v. Brock, 77 S. W. 953; Hernandez v. Pastran, 140 S. W. 508; Railway Co. v. Hall, 32 Tex. Civ. App. 476, 74 S. W. 778. In Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751, it was held that this statute was not mandatory, and a failure to comply with the same will not be ground for dismissing an appeal where it appears that no injury has resulted from such failure; but in this case appellee claims that he has been injured in that he did not receive a copy of appellant's brief until March 26, 1916, and this case being set down for submission for April 5th, he did not have time to prepare his brief. It thus appears that he had only 9 clear days in which to prepare his brief for this court, and we cannot say that his allegation that he did not have time to prepare his brief is not true, since the law has fixed 20 days as a reasonable time granted to appellee in which to file his brief.

Motion sustained, and appeal dismissed.