TEXAS & PACIFIC RAILWAY COMPANY v. T. H. CONNOR, CHIEF JUSTICE
ET AL.

No. 2765.   Decided March 30, 1921.

(229 S. W., 844.)

Mandamus—Briefs—Failure to File—Conflicting Decisions.

The ruling of the Court of Civil Appeals for the Second District in dismissing the appeal of relator herein because copies of his briefs were not filed in the trial court in due time, though such copies were furnished opposing counsel in time for preparation of a reply, is in conflict with rulings of the Third and Fourth Districts in· Crenshaw v. Hempel, 130 S. W., 731, and International & G. N. R. Co. v. Walters, 161 S. W., 916, respectively. and also with that of the Supreme Court in San Antonio & A. P. Ry. Co. v. Holden, 93 Texas, 211.   Mandamus would therefore lie to require such court to certify to the Supreme Court the question of the correctness of its said ruling.   (P. 101).

Original application by the Texas & Pac. Ry. Co. for mandamus to require the Court of Civil Appeals to certify a question to the Supreme Court.

*Earl Conner*, for relator.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The quesion for determination in this proceeding is whether or not the ruling of the majority of the Honorable Court of Civil Appeals for the Second District—Chief Justice Connor dissenting from the ruling—in striking out the briefs of the relator, the appellant in a cause pending in that court, is in conflict with certain decisions of other Courts of Civil Appeals.   The cause is one within the final jurisdiction of the Court of Civil Appeals; and, accordingly, if the ruling presents a conflict of decision, the relator is entitled to a mandamus for the certification of the question to this Court.

As presented in the relator's petition for mandamus, the facts are substantially these:

As a judgment defendant in the cause relator perfected its appeal and filed the transcript in the Court of Civil Appeals on April 16, 1914.   That Court set ·the cause for submission for October 24, 1914.   The attorneys for the relator omitted to file copies of their brief in the trial court within the time prescribed by the statute, under the belief that the attorneys for the plaintiff in the case, D. C. Cave, and for the other defendants as well, had first verbally and then in writing agreed to waive such filing.   Following the filing of the transcript in the Court of Civil Appeals, they in April wrote the attorneys for Cave and for the other defendants as well, and

later in May and in July, calling their attention to the execution
of the written waiver and its loss, and requesting the execution of
a second waiver. To none of these letters was a reply received,—
though the letters were duly stamped, addressed and posted. On
May 12, 1914, the attorneys for relator mailed to the attorneys for
Cave a copy of relator's brief, and it was received on the following
day. This brief was defective in its omission of a citation of some
authorities and in some other respects, and later, on September 16,
a perfected brief for relator was delivered to the attorneys for Cave
in person. Again, on October 4, 1914, the relator's attorneys for-
warded to Cave's attorneys a third copy of relator's brief. It is
further alleged in the petition that the attorneys for Cave knew
that the attorneys for relator were relying upon their having waived
the filing of relator's brief in the trial court, and never in anywise
denied having executed such a waiver, until the filing by them in
the Court of Civil Appeals on October 24, 1914, of a motion to dis-
miss the cause. In this motion only one of the firm of attorneys for
Cave denied having made the waiver. The other attorney for Cave
entered no such denial. None of the attorneys for Cave claimed
not to have had sufficient time in which to brief the case after re-
ceiving the relator's brief. Nor did they make any attempt to brief
the case. It is emphasized by Chief Justice Connor in his dissenting
opinion that the attorneys for Cave had in no wise suggested not
having had ample time in which to answer the relator's brief, or
that they desired to do so.

On October 10, 1914, relator filed in the Court of Civil Appeals
its motion praying for permission to file its briefs in that court.
The motion was not determined by the court at the time, but its
submission postponed until October 23d. On October 24th Cave's
attorneys filed a motion to dismiss the cause for failure of the re-
lator to file its briefs in the trial court, and this motion a majority
of the Court of Civil Appeals sustained.

The Court of Civil Appeals did not find that after the receipt
of the relator's brief the attorneys for Cave did not have sufficient
time before the submission of the cause to prepare their reply. The
original opinion ignores this question and holds that unless the
statute was complied with by the filing of copies in the trial court,
or such filing was waived by opposing counsel as shown by a written
waiver filed in the Court of Civil Appeals, the relator's brief was
not entitled to be considered. On rehearing this was qualified some-
what by the holding that in the absence of a showing of good cause
for the failure to comply with the statute and that the opposing party
would not suffer injury, the relator's brief should not be filed. It
is reiterated, however, that the statute would become a nullity if,

without complying with it, merely the furnishing of the appellant's brief to the appellee's counsel were held sufficient.

In International & Great Northern Railroad Company v. Walters, 161 S. W., 916, it was held by the Court of Civil Appeals for the Fourth District—and such is the holding also in Crenshaw v. Hempel, 130 S. W., 731, by the Court of Civil Appeals for the Third District—that a cause should not be dismissed for failure to file briefs as required by the statute if the brief was furnished opposing counsel in time for the proper preparation of a reply. This was in accord with the ruling of this Court in San Antonio & A. P. Railway Company v. Holden, 93 Texas, 211, 54 S. W., 751.

It appears here that a copy of relator's brief was originally furnished Cave's attorneys in May, five months before the date of the submission of the cause, October 24, and a corrected brief on September 16, and still a third on October 4. In the absence of extraordinary circumstances this must be held to have afforded sufficient time for the preparation of a reply. According to Chief Justice Conner's dissenting opinion, Cave's attorneys on the hearing made no contention whatever that it did not give them ample time for the purpose. If this was true, failure to file the briefs in the trial court could not have caused any injury to Cave.

Since the holding of the majority of the court apparently dismisses the fact that Cave's attorneys were furnished with a copy of relator's brief in sufficient time for the preparation of their reply, in substance their holding is that the cause should be dismissed notwithstanding such fact. It is plainly in conflict with the decisions referred to.

In their opinion on rehearing the majority of the court say that they were not prepared to hold that an injury to Cave would not result if relator's motion in that court to file its briefs were granted. To have granted the motion on October 23, one day before the submission of the cause, and to which date its submission had been postponed by the court, would not have afforded Cave's attorneys any reasonable opportunity to prepare a reply if they desired to file such reply, and might have been prejudicial to Cave. But this was not the proper test. The question was not the effect of granting relator's motion in the Court of Civil Appeals, but whether Cave's rights were prejudiced by the failure to file the briefs in the trial court. If at all events a copy of the brief was delivered his attorneys in ample time for reply, it is difficult to see how such failure could have resulted in any injury to him.

The writ of mandamus will accordingly issue to the Honorable Court of Civil Appeals for the certification of the question of the correctness of its ruling.