ROWNTREE et al. v. PECK FURNITURE CO. (No. 381–3561.)*

(Commission of Appeals of Texas, Section A. Feb. 14, 1923.)

1. Appeal and error ⟨Key⟩797(2)—Failure of appellant to seasonably file brief not waived by appellee failing to file motion to dismiss appeal within 30 days from filing of transcript.

The failure of appellant to file brief in due season is not waived by appellee failing to file motion to dismiss the appeal within 30 days after the filing of the transcript in the Court of Civil Appeals.

2. Appeal and error ⟨Key⟩771—Dismissal by Court of Civil Appeals of appeal for failure of appellant to seasonably file brief held not abuse of discretion.

Where, on appeal to the Court of Civil Appeals, appellants failed to seasonably file brief, and on the day set for submission filed a motion for leave to file brief setting out their reasons for failure to seasonably file, where the facts upon which appellants based their motion was that their counsel, on account of illness, had been absent from the state, and had relied on a statement by the clerk of the Court of Civil Appeals as to when the case would probably be reached, held, that the dismissal of the appeal for failure of the appellant to seasonably file brief was not an abuse of the court's discretion.

3. Appeal and error ⟨Key⟩773(3)—Where no error apparent of record, requiring Court of Civil Appeals to keep case on docket for consideration, no fundamental error shown.

Where the record shows no apparent error, such as would have required the Court of Civil Appeals to have kept a case on the docket to consider it, the error is not fundamentally apparent of record, and the sustaining of a motion to dismiss an appeal for the failure of appellant to seasonably file brief held not an abuse of discretion of the Court of Civil Appeals.

4. Courts ⟨Key⟩85(1)—Court of Civil Appeals has right to enforce its rules within limitation as justice requires.

The Court of Civil Appeals have the right to enforce its rules within such limitation as justice may require.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Proceedings between Carlisle Rowntree and others and the Peck Furniture Company. From the judgment of the Court of Civil Appeals, the former bring error. Affirmed.

J. D. Williamson and Allan V. McDonnell, both of Waco, for plaintiffs in error.
Arnold & Cozby, of San Antonio, for defendant in error.

RANDOLPH, J. In this cause the Supreme Court granted the application for writ of error because of conflict between the judgment of the Court of Civil Appeals in this case and the holding of the Beaumont court in the case of Hamlet v. Leicht, 187 S. W. 1004.

In this case the transcript and statement of facts were filed in the San Antonio Court of Civil Appeals on July 31, 1920. Briefs were filed in that court by appellants on October 28, 1920. The case was set for submission on November 3, 1920. On November 3, 1920, appellee filed its motion to dismiss the appeal on the ground that no brief had been filed by appellants within the time required by law—within such time as afforded appellee sufficient time to answer the brief of appellants before submission day. On November 6th, appellants filed their motion for leave to file brief, setting out their reasons for failure to file same before October 28th. On November 3d, the cause was submitted, and on the 10th of November the Court of Civil Appeals overruled the appellants' motion for permission to file brief, and sustained appellee's motion to dismiss the appeal. Because of this action of the Court of Civil Appeals and because of the conflict between this case and the Hamlet Case, the writ has been granted.

The appellants, plaintiffs in error, urge as one of their contentions, that, notwithstanding their failure to file brief in due season, such failure was waived by appellee failing to file its motion to dismiss the appeal within 30 days after the filing of the transcript in the Court of Civil Appeals, under rule 8 (142 S. W. xi) for the Courts of Civil Appeals.

In the case of Hamlet v. Leicht, supra, the Beaumont court holds that a motion by appellee, in that case, to strike out brief unseasonably filed, which motion was not filed within 30 days after the filing of the transcript in the Court of Civil Appeals, was filed too late and was by that court overruled. In this respect the decision is in conflict with the action of the Court of Civil Appeals in this case.

Rule 8 for the Courts of Civil Appeals is as follows:

"All motions relating to informality in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party." Smoots' Second Edition Harris' Rules of the Court.

We do not think that appellee's motion to dismiss the appeal is controlled by rule 8. Supporting this view, we quote from an opinion by Justice Key in the case of M., K. & T. Ry. Co. v. Jefferson (Tex. Civ. App.) 201 S. W. 213, as follows:

"We overrule appellant's contention that this proceeding is governed by rule 8. (142 S. W.

xi), which requires motions affecting the formalities attending the filing of transcripts to be filed within 30 days after the transcript is filed. The case was not set down for submission in this court until about 9 months after the transcript was filed; and therefore, if appellee had filed a motion to dismiss the appeal within 30 days after the transcript was filed, appellant, in reply to the motion, could have shown that it would soon file its brief in ample time for appellee to reply thereto, before the case would be reached in this court, and upon such showing the appeal would not have been dismissed. Appellant's failure to file its brief did not constitute sufficient ground for dismissing the appeal until the time arrived when it was too late for appellee to reply thereto, and for that reason we hold that rule 8 does not apply. In other words, it is appellant's continued failure to comply with the statute for about 9 months after the transcript was filed that forms the basis of appellee's motion, and the greater portion of that failure occurred more than 30 days after the transcript was filed, and therefore rule 8 does not apply."

[1] Under the ruling in the Holden Case, 93 Tex. 214, 54 S. W. 751, and also in the case of Ry. v. Conner, 111 Tex. 99, 229 S. W. 844, from which last-named case excerpt will be made on another point later, the appellant for good cause shown could have secured permission from the court to file his brief, which had not been filed in time, providing the opposite party was not to be deprived of his opportunity to file his reply brief, and, such being the rule, it takes the filing of such a motion out from under the operation of rule 8, as appellee could not anticipate that the appellants would not in due time file their brief.

This ruling being correct, we are of the opinion that the Court of Civil Appeals in this case did not abuse their discretion in refusing to permit the filing of appellants' brief, and will discuss the facts presented in appellants' motion in the consideration of another proposition.

The question for our consideration, then, is: Did the Court of Civil Appeals err in dismissing the appeal? This question is to be answered by determining, first, whether or not the brief of appellants' was offered for filing at such time as that the granting of permission to file would not delay the case and would not prejudice the rights of appellee; second, was the error apparent on the face of the record requiring the Court of Civil Appeals to retain the case on the docket for the purpose of considering such error? The burden was upon the appellants under both issues.

[2] We will, in order to arrive at a determination of the first question, consider a few of the leading decisions in point. In the case of Ry. v. Holden, supra, it is held, after giving the language of rule 39 (20 S. W. ix) now rule 38 (230 S. W. viii) that:

" 'In deciding said motion, the court will give such direction to the case as will cause the least inconvenience or damage from such failure, so far as practical' it does not say that in case the motion to dismiss be overruled, the 'court shall give such direction to the case as will cause the least inconvenience,' etc., to the appellee; but that 'in deciding the motion,' the court shall do this. We think it was meant by the language last quoted that in deciding the motion all the circumstances should be considered, and that the court should not be bound to dismiss *when no delay or other injury had resulted to the appellee.*" (Italics ours.)

In the case of T. & P. Ry. Co. v. Martin, 62 Tex. Civ. App. 496, 132 S. W. 834 (writ denied) Chief Justice Conner, discussing the holding of the Supreme Court in the Holden Case that for good cause shown the appellant would be permitted to file his brief, notwithstanding his failure to file same as required by the statute, holds in that case that no good cause was shown and that the Court of Civil Appeals cannot say, as a matter of law upon the facts in that case, that the time given appellee for filing his reply brief was sufficient. The facts in that case upon which appellant based his motion were that the various professional engagements of his counsel caused him to fail to prepare and file his brief until October 7th, when the submission of the case was set for October 15th, leaving appellee in that case only a week in which to prepare and file his brief.

In the case of T. & P. Ry. Co. v. Cave (Tex. Civ. App.) 173 S. W. 938, Conner, C. J., dissenting, the appellant failed to file his brief in the allotted time and the appeal was dismissed, because no good cause was shown for such failure, and that the court could not say under the facts that the filing of the brief one day before the submission of the case in that court did not cause a material injury to the opposite party.

Application was made to the Supreme Court for mandamus to require certification to that court, and the case being one in which the jurisdiction of the Court of Civil Appeals was final and presenting a case of conflict of decision, writ was directed to issue. T. & P. Ry. Co. v. Conner, Chief Justice et al., 111 Tex. 99, 229 S. W. 844. In the last-named case, the facts were substantially as follows: The transcript was filed in the Court of Civil Appeals on April 16, 1914. The case was set for submission October 24, 1914. Omitting to file their brief, under the belief that the attorneys for the other side had signed a written waiver, counsel for appellant in April wrote the attorneys for appellee, and in May and July again, calling their attention to the execution of the written waiver and its loss, and requesting the execution of a second waiver. To none of these letters was a reply received. On May 12, 1914, attorneys for appellant mailed to the counsel for appellee a brief that was defective in the matter of not con-

taining certain citations, and, later, on September 16, 1914, a perfected brief was mailed to them by appellant's counsel, and again, on October 4th, another brief was mailed them. Appellant's counsel filed on October 10, 1914, a motion for permission to file their brief in that court. On October 24th appellee's attorneys filed a motion to dismiss the cause for the failure of appellant to file its brief in the trial court, and this motion was sustained by a majority of the Court of Civil Appeals.

The Court of Civil Appeals did not find that, after the receipt of appellant's brief, the attorneys for appellee did not have sufficient time before submission of the cause to prepare their reply brief.

The Supreme Court, considering the facts and the holding of the Court of Civil Appeals, say:

"In International & Great Northern Railway Co. v. Walters, 161 S. W. 916, it was held by the Court of Civil Appeals for the Fourth District—and such is the holding also in Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731, by the Court of Civil Appeals for the Third District—that a cause should not be dismissed for failure to file briefs as required by the statute, if the brief was furnished opposing counsel in time for the proper preparation of a reply. This was in accord with the ruling of this court in Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751."

And expressly deciding the questions at issue, they further hold:

"In their opinion on rehearing, the majority of the court say they were not prepared to hold that an injury to Cave would not result, if relator's motion in that court to file its briefs were granted. To have granted the motion on October 23, one day before the submission of the cause, and to which date its submission had been postponed by the court, would not have afforded Cave's attorneys any reasonable opportunity to prepare a reply, if they desired to file such reply, and might' have been prejudicial to Cave. But this was not the proper test. The question was not the effect of granting relator's motion in the Court of Civil Appeals, but whether Cave's rights were prejudiced by the failure to file the briefs in the trial court. If at all events a copy of the brief was delivered his attorneys in ample time for reply, it is difficult to see how such failure could have resulted in any injury to him."

The "good cause" attempted to be shown in this case, whereby appellants seek to have the Court of Civil Appeals excuse their want of diligence in filing their brief in time is comprehended within the following statement in their motion for permission to file brief: That some time between the trial in the lower court and before the record was filed in the Court of Civil Appeals, counsel for appellant was in San Antonio and called at the office of the clerk of that court, and stated to the clerk that he had a record which would be later filed in said court,

about August 1st, and that he desired to know of the clerk the condition of the docket and about when such case would be reached for submission in its regular order; that the clerk then stated to him that, in the then condition of the docket, a case filed about that time would not be reached earlier than the latter part of December, 1920, or during January, 1921; that counsel for appellants relied upon such statement and believed that the clerk was giving such statement in good faith, and now believes that he did so, and that he was advising counsel relative to what his opinion was as to when the case would be actually reached; that counsel for appellants, knowing that the clerk was in position to keep up with the docket of the court, that his information was accurate, relied implicitly thereon; that, in the spring of the year 1920, counsel for appellants had a very serious case of influenza and pneumonia, and was in very bad health during the spring of that year; that he did attempt, during the months of April, May, June, and July to attend to business in his office, and such business as he had to attend to, and that he did in every way possible endeavor to obtain the record in this cause and to have the statement of facts earlier than was done; that he only obtained the statement of facts a few days before it was actually filed in court, and that it was impossible to brief the case prior to the time of the filing in the Court of Civil Appeals, as the stenographer did not deliver same in time for him so to do; that when the statement of facts was delivered to him he sent it to San Antonio by Mr. C. H. Parks, an attorney at law, where same was agreed to and filed; that counsel for appellants, who was sole counsel in the case, owing to the fact that his health was seriously impaired, on the advice of his physician left the state of Texas and did not return until the month of September, arriving in Waco about September 19th or 20th; that on his return, believing that the case would not be reached upon the docket before the latter part of December or during January, he did prepare a brief in this case, but that same had not been printed prior to the time that he received notice that the case was set for submission on the 3d day of November; that he immediately had said brief printed and did send same, as soon as it could be received from the printer, to the clerk at San Antonio and also sent a copy to appellee's attorneys; that he had sold his residence in Waco and was compelled to give possession on the 4th of November, and had to move, and that he immediately took up with appellee's attorneys the question of postponement of submission of the case.

Eliminating all matters that transpired prior to the filing of the record in the Court of Civil Appeals, we will discuss the grounds of the motion set out subsequent to that

event, except the transaction had by appellants' counsel with the clerk.

In the reply to the motion of appellants' counsel, we find the statement that the clerk denies that he had any such transaction with appellants' counsel, as shown by affidavit of clerk attached. However, we find no such affidavit in the record and will only consider the question as it is presented in appellee's motion.

The statement made by the clerk as to the probable date of the submission of the case can have no controlling effect (Long v. Martin, recently decided by the Supreme Court), and we desire to remark here that the appellants' attorney, by an inspection of the dockets in the Court of Civil Appeals, would have been in as good a position to guess at the probable date of submission as the clerk was, and, at best, it was only an approximation on the part of the clerk that counsel was not authorized to rely on. He appears to have made no further effort to ascertain the date of submission. In August he left the state and returned about the 20th of September. From that time until November 2d, 43 days intervened. Counsel says that he prepared his brief, at what time is not disclosed, but did not submit it to the printer until he received notice that submission of the case was set for November 3d. If he had proceeded with due diligence to prepare his brief on his return home on September 20th, he would have had abundant time to have filed same or furnished opposing counsel with a copy, and appellee's counsel would then have had the full period of 20 days in which to file their reply brief. Under the facts we hold that the Court of Civil Appeals did not abuse the judicial discretion vested in that court in dismissing the appeal, unless such appeal was erroneously dismissed under appellants' further contention.

[3] Appellants' further contention as presented in the writ, in the application for writ in the sixth assignment, is as follows:

"The Court of Civil Appeals erred in dismissing this appeal, because there is fundamental error shown by the assignments of error set out in the record in said cause, and the court should have considered said cause upon the record."

"Proposition: A bona fide purchaser acquires a valid title to goods purchased irrespective of any defects in title of his vendor, and is not affected by secret equities or liens on the property."

A fundamental error, apparent of record, is defined by the Supreme Court in Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 537, as follows:

"Webster defines the word 'apparent,' thus: 'Clear, or manifest to the understanding; plain; evident, obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record; therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record; that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily. Wilson v. Johnson, 94 Texas, 272; Searcy v. Grant, 90 Texas, 97; Fuqua v. Brewing Co., 90 Texas, 298; Harris v. Petty, 66 Texas, 514."

Under this definition, and because of the fact that we find no such error apparent of record as would have required the Court of Civil Appeals to have kept the case on the docket to consider same, we do not think fundamental error apparent of record is here shown, under authority of the cases cited and quoted, and we will discuss the matter from another standpoint.

The trial court tried this case without the intervention of a jury, and filed its findings of fact, in which the court expressly found that Lucas Rowntree was not an innocent purchaser for value. Lucas Rowntree is the only person involved in the case who could have made such claim, and, as there is this express finding, if it is based upon evidence, it was within the province of the Court of Civil Appeals to sustain said findings, and, as we hold there was no fundamental error apparent of record, requiring them to hold the case for further consideration, we must presume that it was so held by them. The question as to whether or not Lucas Rowntree was an innocent purchaser could be determined by circumstantial evidence, as well as direct evidence, and, as there is circumstantial evidence in the record upon which that court could have made such finding, we cannot say that the action of the trial court in so finding, and the action of the Court of Civil Appeals in presumptively so finding was error as a matter of law, apparent on the face of the record.

[4] The courts, as well as litigants, are interested in the reasonable dispatch of business, in such manner as not to sacrifice any substantial right of either party. Hence rules are provided that will enable the trial court and our appellate courts to so dispatch such business as comes before them, without unnecessary delay. The Courts of Civil Appeals have the right to enforce these rules within such limitation as justice may require. In this case it is not apparent that they have abused the discretion vested in

them, and we therefore recommend to the honorable Supreme Court that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.