**McHARD et al. v. NONA MILLS CO.**

No. 2025.

Court of Civil Appeals of Texas. Beaumont.
Nov. 12, 1930.

Rehearing Denied March 4, 1931.

Walter F. Brown and W. F. Tarver, both of Houston, for plaintiffs in error.

Chas. T. Butler and W. G. Reeves, both of Beaumont, for defendant in error.

HIGHTOWER, C. J.

On October 29, 1930, the appeal in this case was dismissed by this court upon defendant in error's motion therefor, based upon the failure of plaintiffs in error's counsel to brief the case, and thereafter plaintiffs in error filed their motion to reinstate, and it is that motion that we are now to dispose of.

The material facts in connection with the matter now in hand are as follows: The record was filed in this court by plaintiffs in error on July 2, 1930, and thereafter on July 21, by order of this court, the cause was set for submission on October 30, 1930. The clerk of this court, immediately after the setting in this court was ordered, by written notice mailed to counsel on both sides of the cause, notified them that the cause would be submitted on October 30, 1930. The form of this notice was a postal card properly addressed to all counsel in the cause. Mr. Charles T. Butler, counsel for defendant in error, received the card mailed to him in due course of the mail, but counsel for plaintiffs in error have made affidavit that neither of them received the card notifying them of the setting of the cause for submission, and in view of these affidavits we find, as a fact, that neither of the counsel for appellants received the written notice mailed by the clerk of this court to them notifying them of the setting of this cause for submission.

On the morning of October 29, 1930, the day before the cause was to be submitted, counsel for defendant in error filed a written motion praying this court to dismiss this writ of error based on the ground that counsel for appellants had failed to file briefs in the cause both in the trial court and in this court. At the same time counsel for plaintiffs in error filed a written motion praying this court to postpone the submission of the cause as set, and asking this court to reset the cause for submission at such time as would afford counsel for defendant in error time to brief the cause for his client. This motion was opposed by counsel for defendant in error, and, all counsel for both sides being present in court, both motions were orally argued and the motion of counsel for defendant in error to dismiss the appeal was sustained, and that of counsel for plaintiffs in error to postpone submission was overruled, and the appeal was dismissed.

In their motion to reinstate the cause in this court, counsel for plaintiffs in error make two contentions. One of these contentions is (stressed by Mr. Walter F. Brown, counsel for some of the plaintiffs in error) that this court was without jurisdiction to submit this cause until counsel for plaintiffs in error had been notified by written notice from the clerk of this court through registered mail of the setting of this cause for submission, and that for the same reason this court was without power and authority to dismiss the appeal. It is true that the statute, article 1847 R. C. S. 1925, requires the clerk of this court to give written notice by registered mail of the setting of causes in this court, and it is true that the clerk did not comply with that article, in that he failed to register the notices mailed out, but we cannot agree with counsel for appellant that this court was without jurisdiction or power to submit the cause merely because the clerk had failed to register the written notice to counsel of the setting. It is true that the clerk's failure to register the notice of the setting was an irregularity and a failure to comply with the letter of the statute, and it may be possible that on account of that failure or irregularity the written notice of the setting was not received by counsel for plaintiffs in error. It does not follow, however, that this court was without jurisdiction to submit the cause merely on account of the failure of the clerk to give registered notice of the setting. No authority has been cited by counsel for plaintiffs in error in support of their contention in this connection, and we have been unable to find any after search therefor.

The next contention made by counsel for plaintiffs in error is, in effect, that, since they showed as a fact that they did not receive the clerk's written notice of the setting of this cause in this court, they showed good cause for their failure to file briefs in this court, and that, therefore, the appeal should not have been dismissed and should be now reinstated.

Article 2283, R. S. 1925, relative to briefing causes in this court, is as follows: "Not less than five days before the time of filing the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the trial court a copy of his brief, which he shall deposit with the papers of the cause, with the date of filing indorsed thereon; and he shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and four copies with the clerk of the Court of Civil Appeals." This is the only statute that we are aware of that makes any provision with reference to the briefing of causes in this court. It is very clear from this statute that counsel for an appellant or plaintiff in error is required to prepare and file a copy of his brief for his client in the trial court at least five

days before the transcript in the cause shall be removed from that court and filed in the Court of Civil Appeals. This statute was not complied with by counsel for plaintiffs in error, and no brief was filed by them in the trial court at any time, and there was no agreement by counsel for defendant in error waiving the filing of the brief in the trial court, nor was there any agreement of any character between counsel for the parties relating to the filing of briefs in this court.

Articles 1847 and 1848, R. C. S. 1925, relate to notices required to be given by the clerks of the Courts of Civil Appeals. Article 1847 reads as follows: "All notices required herein to be given to parties or their attorneys of record shall be served by the clerk sending said notice to the attorneys by registered letter through the mail properly directed. Registration receipts shall be filed and kept by the clerk with the record of the cause."

Article 1848 provides: "Causes on the trial docket of said court shall be submitted in the order of the date of filing, except as otherwise provided, unless continued to some future time for good cause shown; and the clerk shall notify the parties or their attorneys of record of the date set for hearing."

It is clear from these two articles that neither of them specifies when the notice to counsel in a cause pending in this court of the setting for submission shall be given. In other words, it is not specified by either of these articles that the notice that the clerk of the Court of Civil Appeals is required to give counsel of the setting shall be any number of days prior to the setting. So, as far as these articles go, the clerk could give the notice at any time, just so the notice was sent by registered mail in time to reach counsel in the cause in due course of mail. Neither of these articles, either expressly or by implication, relates to the filing of briefs in a cause. In so far as either of these articles is concerned, the clerk of this court would have fully complied therewith had he mailed out by registered mail notices of the setting of this cause to counsel at any time, just so it would have reached them before the case was to be submitted. Therefore, it cannot be successfully contended by counsel for plaintiffs in error that the failure on the part of the clerk of this court to give them registered notice of the setting of this cause was such a failure or neglect on the clerk's part as resulted in and caused their failure to file briefs in this court at such time as would have afforded counsel for appellee time to file briefs in reply thereto.

In their motion to postpone submission, filed as we have above shown, counsel for plaintiffs in error make the statement that one of them received actual notice of the setting through a Houston newspaper on the evening of October 23, 1930, just a week before the cause was to be submitted, and that on the next morning that counsel notified the other counsel for appellants by phone that he had notice in the newspaper that this cause would be submitted on October 30th, and thereupon both of them got in communication with the clerk of this court and with counsel for defendant in error relative to the submission, and, being unable to procure an agreement with counsel for defendant in error for postponement of the submission, came over in person on the day before submission and presented, as we have stated, their motion to postpone. It is thus shown that counsel for all of the plaintiffs in error had actual notice of the setting of the cause in this court about a week in advance of the setting, though it was not given by the clerk of this court either by registered mail or otherwise. But in so far as the effect of that notice is concerned, it was just as effectual as if it had been given at that time by the clerk of this court through registered mail. And if the clerk of this court at that time had mailed to counsel for plaintiffs in error a notice of the setting for submission, and had registered the notice, he would have complied fully with any duty required of him under articles 1847 and 1848. But if he had given to counsel for appellants the notice, as required by those articles, it would not have availed anything more than the actual notice they received through the Houston paper, and they could not, as they admit, have prepared and filed their briefs in this court in time to have permitted counsel for defendant in error a reasonable time to reply thereto.

▬ But counsel for plaintiffs in error strenuously insist that the provisions of articles 1847 and 1848, relating to the notice and manner of notice to be given by the clerk of the Courts of Civil Appeals to counsel in a cause, are for the purpose of notifying counsel of the setting of causes, so that they may have plenty of time to prepare and file briefs in the appellate court. In other words, counsel for plaintiffs in error contend that these articles have reference to the briefing of causes in the Courts of Civil Appeals and clearly imply that the notices provided for in these articles shall be given at such time as will afford counsel an opportunity to brief causes. We cannot agree with this contention. To do so would be to treat article 2283 as meaningless. That article, as we have shown, expressly requires counsel for an appellant or a plaintiff in error to prepare and file a brief for his client in the trial court at least five days before the transcript is removed from that court. Therefore, if articles 1847 and 1848 were intended to give counsel for appellants or plaintiffs in error notice of the setting of causes in the appellate court in sufficient time before the actual setting for submission in which to prepare and file briefs, then articles 1847 and

1848 would practically nullify article 2283, which, as we have stated, is the only statute relating to the briefing of causes in the Courts of Civil Appeals. In this connection we might state that we agree with the contention advanced by counsel for defendant in error, which is that the purpose and intent of articles 1847 and 1848 was to notify counsel of the setting of causes in this court so that they may be present and make an oral argument, or, if they did not desire to do that, then to file a written argument in connection with their briefs in the cause. By giving articles 1847 and 1848 this construction they would not be in conflict with article 2283. But if we give them the construction contended for by counsel for plaintiffs in error, they would be in conflict with article 2283, and, as we have stated, practically nullify that article.

■■ Now let us see if counsel for appellants have shown good cause for their failure to timely prepare and file briefs for their clients in this cause so as to postpone the submission that had been ordered by this court. In the first place, counsel for appellants were guilty of neglect in failing to prepare and file briefs for their clients in the trial court before they took the transcript from that court and filed it in this court. This was a clear failure to comply with a statutory duty imposed upon them, and, although such failure on their part would not necessarily result in a dismissal of this writ of error, yet it is to be considered in determining whether counsel for plaintiffs in error have shown good cause for their failure to file briefs in this cause, as they were required to do. In the next place this record shows without dispute that during the time it was pending in this court (practically four months) no inquiry whatever was made by counsel for plaintiffs in error of the status of the cause here, and no agreement was sought with counsel for defendant in error touching its submission or the filing of the briefs. The cause was set in this court in its numerical order, and counsel do not claim that they were misled by reason of any change in the docket of this court, as to the number of causes pending ahead of them or the numerical order in which it would probably be reached. They do contend that counsel for defendant in error waived their dereliction of duty to file briefs in the trial court by not moving, within thirty days after the transcript reached this court, to dismiss on that ground. We think counsel for plaintiff in error are correct in their contention that counsel for appellee could not have the appeal dismissed on the ground of their failure to file briefs in the trial court, as should have been done, and without citing the authorities they are numerous to the effect that article 2283, requiring briefs of the appellant or plaintiff in error to be filed in the trial court before removing the transcript, is not mandatory, and motions to dismiss filed by appellees or defendants in error based upon that ground have been many times overruled because the failure there did not deprive counsel for appellees in those cases of an opportunity to file reply briefs in the appellate court. Here, however, we have a different question. No briefs were filed either in the trial court or this court for plaintiffs in error, and, as we have stated, there was no agreement with counsel for defendant in error relating to the filing or failure to file briefs in either court.

■■ That brings us to the question insisted upon by counsel for defendant in error. He insists that his client had two valuable rights in this court One was to have a reasonably sufficient time to brief the cause for his client in reply to such briefs as were or should have been filed by counsel for plaintiffs in error, and the other was to have the case submitted in its due order of submission. Under the authorities in this state, counsel for defendant in error is correct in this contention. It was so held in Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462, and in Goodhue v. Leckie (Tex. Civ. App.) 176 S. W. 647, and by this court in West Louisiana Bank v. Terry, 229 S. W. 639.

■ The way this matter came up, this court was required to either dismiss this writ of error upon the motion of counsel for defendant in error, or to grant the motion filed by counsel for plaintiffs in error to postpone the submission to some future date. If we had granted the motion to postpone, it would have deprived defendant in error of one of the valuable rights which the above-cited authorities hold it had, and, believing, as we did, that no sufficient cause had been shown by counsel for plaintiffs in error for their failure to file briefs, we had no other alternative than to dismiss the writ of error.

From the foregoing conclusions it results that the motion to reinstate the cause in this court should be overruled, and such has been our order.