## WATSON v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

### No. 2727.

Court of Civil Appeals of Texas. Beaumont.
March 28, 1935.

F. G. Vaughn, of Beaumont, for appellant.
S. M. King, of Beaumont, for appellee.

COMBS, Justice.

Appeal is from a judgment of the Sixtieth district court of Jefferson county wherein appellant was awarded $189.20 compensation insurance upon a jury's finding of 25 per cent. disability for a period of fifty-two weeks.

Appellee has filed a motion to dismiss the appeal because of the failure of appellant to file brief. The record was filed in this court July 13, 1934. On January 4, 1935, it was set for submission on March 14, 1935, and on the same day notice of the date of submission was mailed by the clerk of this court to counsel for appellant and appellee. The notices were in the form of a postal card with properly addressed and stamped return post card attached to be mailed by the attorney, acknowledging receipt of the notice. On February 22, 1935, the clerk not having received the return card from appellant's counsel, wrote him a letter calling his attention to the fact that the card had not been received and again notifying him that the case had been set for submission on March 14th. No response was received from that letter. On March 13th, the day before submission, appellee filed its motion to dismiss the appeal and on the same day appellant's counsel filed a motion to postpone submission. The only ground alleged for the postponement is that "the appellant or his attorney never received registered notice as to the setting of said cause as is required by law."

█ As above stated, the notices were mailed by first-class mail but they were not

registered. Counsel for the appellant lives in the city of Beaumont. The notices were not returned to the clerk undelivered. There is no showing that counsel for appellant did not receive the notices. The presumption is that he did receive them, and since actual notice was given to him of the date of submission in ample time for him to have prepared a brief, there is no showing of good cause for his failure to do so. It is, therefore, our duty to grant the motion to dismiss. West Louisiana Bank v. Terry (Tex. Civ. App.) 229 S. W. 639; Will v. Davidson (Tex. Civ. App.) 285 S. W. 940;. McHard v. Nona Mills Company (Tex. Civ. App.) 35 S.W.(2d) 1108; Stripling v. Spivey (Tex. Civ. App.) 57 S.W. (2d) 173.

Appeal dismissed.