## ANDERSON et al. v. WHEELER et ux.

### No. 5695.

Court of Civil Appeals of Texas. Texarkana.

Dec. 18, 1940.

Rehearing Denied Jan. 2, 1941.

Dorbandt & Dorbandt, of Tyler, for appellants.

Israel Smith, of Tyler, for appellees.

HALL, Justice.

It appears that on June 22, 1939, the record on appeal in this case was properly lodged with the Court of Civil Appeals, and thereafter, on July 18, 1940, the case was regularly set down for submission on November 7, 1940, and counsel for both parties were given due notice thereof. The appellants did not present their briefs for filing therein until October 18, 1940, which was after the time prescribed by law for filing briefs in the Courts of Civil Appeals. Appellees strenuously object to consideration of appellants' brief for the reason that such briefs were not timely filed within the statutory period, and have filed a motion to strike the same and to dismiss the appeal.

■ In the case of Rowntree v. Peck Furniture Company, 248 S.W. 26, 29, our Supreme Court has very aptly said: "The courts, as well as litigants, are interested in the reasonable dispatch of business, in such manner as not to sacrifice any substantial right of either party. Hence rules are provided that will enable the trial court and our appellate courts to so dispatch such business as comes before them, without unnecessary delay. The Courts of Civil Appeals have the right to enforce these rules within such limitation as justice may require."

■ Since the appellants did not comply with the rule in respect to filing briefs within the time required by law, appellees' motion will be granted and the appeal dismissed. Article 1848, R.S., Vernon's Ann. Civ.St. art. 1848; Rule 36 for Courts of Civil Appeals; Rowntree v. Peck Furniture Co., Tex.Com.App., 248 S.W. 26; Gray v. Kaliski, Tex.Civ.App., 8 S.W.2d 203; Watson v. Emp. Liability Assur. Corp., Tex.Civ.App., 80 S.W.2d 1098; McHard v. Nona Mills Co., Tex.Civ.App., 35 S.W.2d 1108; Land v. Land, Tex.Civ. App., 83 S.W.2d 407; Gulf Production Co. v. Kishi, Tex.Civ.App., 105 S.W.2d 733; Pearlstone-Ash Co. v. Rembert Bank, Tex. Civ.App., 135 S.W.2d 559.